STATE v. RUFUS COLLINS, Appellant.—No. 38081.—165 S. W. (2d) 647.

Division Two, November 12, 1942.

*W. D. Roberts* and *H. D. Green* for appellant.

292

*Roy McKittrick,* Attorney General, and *John S. Phillips,* Assistant Attorney General, for respondent.

TIPTON, P. J.—The appellant was convicted in the circuit court of Howell County of operating an automobile while intoxicated, and his punishment was assessed at a fine of one dollar and costs. From judgment and sentence, the appellant has duly appealed.

This is the second trial of this case. In the first trial the jury was unable to agree upon a verdict. The principal assignment of error by the appellant was that the prosecuting attorney committed reversible error in his closing argument. This will require a brief review of some of the evidence.

Marshall Brooks testified that he was a constable of Cabool, in Texas County, Missouri, and on the day in question, Johnny Puckett came to him in Cabool and reported that appellant had passed him on the highway driving a pick-up truck and was intoxicated, weaving his truck from one side of the highway to the other. Brooks then got in Puckett's car and drove on No. 60 highway towards Willow Springs. They passed the appellant, and the witness stated that appellant was weaving his car from one side to the other of the highway, and, in his opinion, the appellant was intoxicated at that time. He further testified that they drove on to Willow Springs and that the appellant was arrested there. Brooks admitted that Puckett was in the witness court room, but Puckett was not used as a witness by the State, although he was endorsed as a witness on the information and was subpoenaed by the State. At the first trial, Puckett was used as a witness by the State.

In his closing argument, the prosecuting attorney stated: "Mr. Green [attorney for the appellant] referred to the fact that we did not put Johnny Puckett on the stand; well, I want to know why he

didn't put him on the stand—they had a right to put him on the stand if they wanted to do so." The appellant's objection to this argument was overruled. Obviously, this argument was in answer to the argument made by the appellant that since the State did not use Puckett as a witness, the jury had a right to infer that, if the State had used him as a witness, his testimony would have been adverse to the party calling him.

If Puckett was available to both parties, then neither party had a right to comment on the failure of the other party for not using him as a witness. "A party has no right to complain of the opposing party's failure to bring witnesses who are equally available to both parties." Rothschild v. Barck, 324 Mo. 1121, 26 S. W. (2d) 760, l. c. 763.

"Now the term 'available,' in the sense in which we are using it, does not mean merely available or accessible for the service of a subpoena, since any witness who can be found may be subpoenaed at the instance of either party to a cause. To the contrary, the question of whether a witness is 'available' to one or the other ▮▮ of the contending parties depends upon such matters as the one party's superior means of knowledge of the existence and identity of the witness, the nature of the testimony that the witness would be expected to give in the light of his previous statements or declarations, if any, about the facts of the case, and the relationship borne by the witness to a particular party as the same would reasonably be expected to affect his personal interest in the outcome of the litigation, and make it natural that he would be expected to testify in favor of the one party and against the other. In other words, a witness may be said to have been peculiarly 'available' to one party to an action, so that upon the party's failure to have produced him in court an inference will arise that his testimony would have been unfavorable, when, because of such party's opportunity for knowledge of or control over the witness, or the community of interest between the two, or the prior statements and the declarations of the witness, it would be reasonably probable that the witness would have been called to the trial to testify for such party except for the fact that it was either known or feared that his testimony on the stand would have been damaging rather than favorable." Chavaries v. National Life & Accident Ins. Co., 110 S. W. (2d) 790, l. c. 794. Also, see In re Warden, 347 Mo. 196, 146 S. W. (2d) 874.

Puckett was the person who put in motion the machinery that caused the arrest of the appellant. He went to Cabool, and told the constable that the appellant was driving a car while intoxicated. The constable testified to that fact. He was used as a witness by the State at the first trial; his name was endorsed as a witness on the information by the State; and he was present in court by reason of a subpoena issued at the request of the State. In short, his position was similar to that of a

prosecuting witness. In other words, had he not made the report to the constable, in all probability, the appellant would not have been arrested. Under the rule announced in the above quotation, Puckett was an available witness for the State and was not equally available to both parties. Therefore, the appellant was entitled to the inference that Puckett's testimony would have been unfavorable to the State.

Nor could the State be relieved of this unfavorable inference by the argument that the appellant could have called Puckett as a witness. If appellant had done so, he would have vouched for Puckett's credibility and would have been barred from impeaching him on cross-examination.

In the case of Hasenjaeger v. Missouri-Kansas-Texas Ry. Co., 53 S. W. (2d) 1083, l. c. 1087, the St. Louis Court of Appeals said:

"The defendant could not relieve itself from the unfavorable inference to be drawn from its failure to produce its servants as witnesses, by bringing them into court, and inviting the plaintiff to put them on the witness stand and thus vouch for their credibility and bar herself of the privilege of cross-examining them."

Again, in the case of McInnis v. St. Louis-Southern, Inc., 341 Mo. 677, 108 S. W. (2d) 113, we said:

"Furthermore, plaintiff could not relieve himself of the unfavorable inference that could be drawn from his failure to call the doctor as a witness, by suggesting to defendant during the trial that it could call the doctor' as a witness. If defendant had done so, it would have vouched for the doctor's credibility and barred itself of the privilege of cross-examination. . . .

"It is not a question of sufficiency of the evidence. *It is a question of a litigant having been denied the right of argument to a jury.* There is no way to determine from the record the effect of this ruling on the verdict. It is clear that defendant was entitled to make the argument and have the jury consider same in determining the question of damages. The error was prejudicial and the judgment should be reversed and the cause remanded. It is so ordered." (Italics ours.)

There is no doubt that appellant was entitled to argue to the jury that it had a right to infer that Puckett's testimony would be unfavorable to the State. We think it was prejudicial error for this inference to have been destroyed by the argument of the prosecuting attorney that the appellant could have called Puckett.

It follows that the judgment should be reversed and the cause remanded. It is so ordered. *Ellison, J.,* concurs; *Leedy, J.,* dubitante.