**STATE of Missouri, Respondent,**

v.

**Park WELLS, Appellant.**

No. 45937.

Supreme Court of Missouri, Division No. 2.

Oct. 14, 1957.

**458**

Gene Bradley, Blytheville, Ark., Bradley & Noble, Kennett, by John H. Bradley, Kennett, for appellant.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., Jefferson City, Missouri, for respondent.

STOCKARD, Commissioner.

Appellant was found guilty of an assault with intent to rape and his punishment was fixed by the jury at one year in the county jail and $500 fine. He has appealed from the ensuing judgment.

There is no challenge of the sufficiency of the evidence and for that reason we do not need to set it out in detail. It is sufficient to state that the prosecuting witness testified that at the time of the trial she was thirteen years of age, and that the defendant had sexual intercourse with her. The defendant testified that he occupied a bed with the prosecuting witness, and that he "tried to have sexual intercourse with her" but did not succeed.

■ Defendant was charged with the offense of statutory rape of which the age of the prosecuting witness is an essential element, but he was found guilty of the lesser included offense of assault with intent to rape (see Section 556.230 RSMo 1949, V.A.M.S., and State v. Scott, 172 Mo. 536, 72 S.W. 897), of which the age of the prosecuting witness is not an essential element. However, in the instruction on assault with intent to rape the trial court did include the requirement that the prosecuting witness be below the age of 16 years, apparently on the theory that there was no evidence of a lack of consent and because "there may be an assault with intent to rape on a consenting female where she is under the age of consent, on the ground that in law she cannot consent to such an assault." 75 C.J.S. Rape § 28. See also the comment in State v. Baker, Mo.Sup., 276 S.W.2d 131 [3].

■ Defendant first contends that reversible error resulted from the action of the trial court in sustaining an objection to a question by defendant on cross-examination of the prosecuting witness whether she had commenced to have her monthly periods about four years previous to the time of trial. Defendant contends that this was material to the issue of whether

the prosecuting witness was below the age of consent. While evidence of this nature, if believed by the jury, does not tend to establish the precise age of the prosecuting witness, in view of the absence of any evidence on the part of the State other than the testimony of the prosecuting witness as to her age, it would have been a circumstance, the benefit of which defendant was entitled to have, which tended to show that at the time defendant had or tried to have sexual intercourse with the prosecuting witness, if the jury believed that he did, she was over the age of consent. Howerton v. Commonwealth, 129 Ky. 482, 112 S.W. 606. However, we are of the opinion that reversible error did not result in this case. The improper rejection of evidence is not prejudicial error when the same or substantially the same evidence is otherwise admitted. This is the rule whether such evidence is admitted prior or subsequent to such rejection, and it finds its most frequent application where the same or substantially the same evidence as that excluded is elicited from the same witness. 24 C.J.S. Criminal Law § 1918. See also State v. Potts, 239 Mo. 403, 144 S.W. 495 [4]. In this case counsel for defendant had asked the prosecuting witness several questions on the same subject, including the question, "And you have been having that about four years, haven't you?" to which the witness answered, "No, not quite." It is evident that the witness had already answered substantially the same question, and the answer was before the jury without objection.

■ Defendant also contends that the trial court erred in refusing to give his requested instruction on reasonable doubt because it "properly defined the meaning of reasonable doubt" and no other instruction given by the trial court defined that term. The trial court did give an instruction on reasonable doubt, and the substance of that instruction is not challenged on this appeal. Therefore, the sole question is whether the defendant was entitled to have the term "reasonable doubt" defined. In State v. Robinson, 117 Mo. 649, 661, 23 S.W. 1066,

1069, this exact question was answered as follows: "It is urged that the jury should have been told what a reasonable doubt was, and that it should have been explained to them. But this was unnecessary. It is difficult to explain simple terms like 'reasonable doubt' so as to make them plainer. 1 Bish.Crim.Proc. § 1094. Every attempt to explain them renders an explanation of the explanation necessary." See also State v. Sykes, 248 Mo. 708, 154 S.W. 1130 [2]; State v. Ransom, 340 Mo. 165, 100 S.W.2d 294 [12, 13]; State v. Cavener, 356 Mo. 602, 202 S.W.2d 869 [7]. Defendant relies on State v. Talmage, 107 Mo. 543, 17 S.W. 990, 991. There the trial court gave the instruction requested by the defendant which purported to define reasonable doubt, and the appellate court held that the instructions given at the request of the State and at the request of defendant presented the question of reasonable doubt as favorably to defendant as the law authorized. However, it commented critically on attempts to define the term "reasonable doubt" by saying that "Reasonable doubt is reasonable doubt, and that is about all that can be said in regard to it." The giving of an instruction purporting to define reasonable doubt has been held not to constitute reversible error, State v. Drake, Mo.Sup., 298 S.W.2d 374, but that does not necessarily mean that the refusal to define the term is error. Defendant has not demonstrated that he was prejudiced by the refusal of the requested instruction which added nothing to the instruction given except that it contained what he contended to be a proper definition of the term "reasonable doubt."

■ Defendant next complains of the action of the trial court in overruling his objection to the following statement of the prosecuting attorney made in his closing argument to the jury: "Oh, they said I could have written up to Little Rock and got a birth certificate from the Bureau of Vital Statistics. Of course, I could have if I thought it was necessary, but the girl said she was 12 years of age. She says now she's 13. Of course, I could have written up there, so could they." Defendant

then objected on the ground that the burden was not on him to prove the age of the prosecuting witness, but this was overruled by the trial court, and the prosecuting attorney was told to proceed with his argument. Fortified by this ruling, the prosecuting attorney then continued as follows: "Of course they could. They could have written up there, and I'm telling you if I was the defendant on trial on a charge that could be punished by the death sentence, and I had any doubt as to her being under 16 years of age, I would have sure written up there and got that birth certificate, wouldn't you?" No further objection was made, and for that reason we need not consider the effect of this argument except as to the stated objection that the burden was not on the defendant to prove the prosecuting witness was over the age of consent.

The State contends that since the argument of defense counsel to which the reply was made is not set out in the transcript it cannot be determined that the trial court erred in overruling the objection. Several cases are cited including State v. Hannon, Mo.Sup., 204 S.W.2d 915, in which the circumstances are remarkably close to those in this case. However, we can determine from the comments of the prosecuting attorney that the substance of the argument of the defense counsel was that if the birth certificate supported the contention of the State it should have been obtained and introduced in evidence.

The evidence presented by the State clearly made a submissible case, and at the close of the State's evidence the defendant could have had the case submitted to the jury to determine whether the evidence of the State convinced its members of his guilt beyond a reasonable doubt. However, he chose to offer evidence, and he took the stand and testified, among other things, that the prosecuting witness had told him that she was 16 years of age. With some limitations not here applicable, it is the general rule that the prosecuting attorney may comment on the failure of the defendant to produce witnesses available to him but not available (as that term is de-

fined in State v. Collins, 350 Mo. 291, 165 S.W.2d 647 [2]) to the prosecution who would substantiate his story. State v. Parker, 172 Mo. 191, 72 S.W. 650 [6]; State v. McCord, 237 Mo. 242, 140 S.W. 885 [7]; Commonwealth v. O'Rourke, 311 Mass. 213, 40 N.E.2d 883 [10]; People v. Gist, 28 Cal. App.2d 287, 82 P.2d 501 [7]; Annotation, 5 A.L.R.2d 893. This rule obviously would apply to the failure to produce available documentary evidence. II Wigmore, Evidence, 3rd ed., § 291; People v. Moe, 322 Ill.App. 696, 54 N.E.2d 638 [10]. However, in this case the birth certificate was equally available to both parties, Ark.Stats.1947, § 82-505, and in State v. Collins, supra [350 Mo. 291, 165 S.W.2d 648], it was stated that if a certain witness was available to both parties, "then neither party had a right to comment on the failure of the other party for not using him as a witness." This rule also would apply to the failure to use documentary evidence. In this case it was the defense counsel who first commented on the failure of the prosecution to introduce the birth certificate in evidence, and it is the well established rule that the defendant cannot provoke a reply to his own improper argument and then claim error. State v. Tiedt, 357 Mo. 115, 206 S.W.2d 524 [4]; State v. Lorts, Mo.Sup., 269 S.W.2d 88 [6]. Although the Collins case states the rule applied in this state, we note that Wigmore is of the opinion that when evidence is equally available to both parties the failure to present it should authorize an inference against both. II Wigmore, Evidence, 3rd ed., §§ 288, 290.

The defendant cites and relies only on State v. McGrath, 228 Mo. 413, 128 S.W. 966. There the defendant was charged with making a false return as an election judge, and it was held to be prejudicial error for the circuit attorney to argue to the jury that if the defendant had any doubt as to what was in the ballots he should have brought them into court. However, it was specifically pointed out in that case that the ballots were not available to the defendant and he could not have produced them if he had wanted to. We do not consider this case to be in point.

Under the circumstances of this case the comments of the prosecuting attorney constituted only a legitimate reply to the argument of the defense counsel. They did not constitute an argument that the burden was on the defendant to prove that he was innocent, and the issue of the burden of proof and the presumption of innocence was properly presented to the jury by the court's instructions. The defendant has not contended on this appeal that the comments were prejudicially erroneous for any other reason.

We have examined that part of the record relating to matters not required to be preserved in the motion for a new trial or presented in the brief, and find no error.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.