STATE of Missouri, Respondent,

v.

John W. BROWN, Appellant.

No. KCD 27360.

Missouri Court of Appeals,
Kansas City District.

July 7, 1975.

Willard B. Bunch, Thomas M. Larson, Public Defenders, Mark D. Johnson, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

John W. Brown was convicted by a jury of rape and the abominable and detestable crime against nature. The jury was unable to agree on his punishment and the court fixed punishment at fifteen years' imprisonment for the rape and at fifteen years' imprisonment for the crime against nature with the terms to run consecutively. Sentence and judgment were rendered accordingly. §§ 559.260, 563.230, RSMo 1969, V.A. M.S.; Rules 24.04, 27.03, V.A.M.R.

Appellant does not question the sufficiency of evidence to sustain the conviction, and a jury reasonably could find that: On November 19, 1973, the prosecutrix was an apartment manager at 3740 Wyandotte, Kansas City, Jackson County, Missouri. At approximately 2:45 p. m., a man, identified in court as defendant John W. Brown, came to her apartment and inquired about renting an apartment. After providing him with three drinks of water, a cup of coffee, and showing him an apartment, defendant, armed with a pair of scissors, confronted her and ordered her to disrobe and lie on the floor. He then placed his penis in her mouth, shifted his position and again placed his penis in her mouth while placing his head between her legs, and, after again shifting his position, had sexual intercourse with her. Defendant left the apartment at 3:30 or 3:45 p. m.

At approximately midnight, the prosecutrix viewed a lineup at the Kansas City police station and identified defendant as her assailant. Her identification of defendant at the lineup was corroborated by Detective Asa J. Steen. Detective Steen stated also that when arrested, defendant told him he had spent most of the afternoon looking for a job at Foremost Dairy, address unknown, Watkins Cosmetics, 31st Street, Townley Company, 31st and Walnut, Wonder Bread Company, 31st Street, a printing company on 31st Street, and KCMO–TV (31st Street), and that he had shaved his beard around 5:00 p. m.

Defendant also offered the testimony of Mr. John Cavanaugh and Mr. Jerome Callaway, the executive director and the employment counsellor at Dismas House, 3000 Campbell, to account for his time from 1:00 to 4:00 p. m. on November 19, 1973.

Appellant charges the court erred (I) in failing to grant defendant's motion for mistrial during the State's closing statement, viz:

"[Mr. Edwards for the State]: I don't say, please, again, I'm not saying Mr. Cavanaugh was not telling what he believed to be the truth but he was truthful enough also to admit the possibility of the variation in time. He did not have a record of what time he actually spent with the man or

what time it started or what time it ended. Now possibly one of the most important things in this case and it is important because of its absence from this case, though I have no idea who these people would be. If this man was job hunting that afternoon, who did he see?

"MR. JOHNSON [for defendant]: Your Honor, I'm—

"MR. EDWARDS: Where did he go and where are they? * * *

"(Counsel approached the Bench and the following proceedings were had:)

"MR. JOHNSON: I would ask that the statement be stricken. The jury knows very well and has been instructed that the defendant has no burden of proof and no responsibility whatsoever to produce any witnesses whatsoever. The comments of the failure of the defendant to produce certain witnesses is certainly improper. I would ask that the prosecutor's comments be stricked [sic] for that reason.

"(Proceedings returned to *OPEN COURT*.)

"THE COURT: All right, the objection is sustained. The last comments of the prosecutor are ordered stricken and the jury should disregard them.

"(Counsel approached the Bench and the following proceedings were had:)

"MR. JOHNSON: In addition, I will ask for a mistrial.

"THE COURT: Motion for mistrial is overruled."

Appellant argues that it was improper to argue, as against defendant, his failure to call the witnesses to which the argument referred because they were equally available to defendant and the State; and that the only way the alleged prejudice could be cured was by granting a mistrial.

■■■ It is noted first that the court sustained defendant's objection, and explicitly ordered the comment stricken and in-

structed the jury to disregard it. Second, it is difficult to conceive that the individuals defendant may have seen, if so, at the places of potential employment he claimed to have visited on the afternoon of November 19, 1973, were "equally available." Defendant had the superior knowledge of their existence and identity, and the nature of their testimony and its value to him in support of his alibi, *State v. Collins*, 350 Mo. 291, 165 S.W.2d 647, 649 (1942); and where such witnesses are not equally "available" to the State, the prosecutor is entitled to comment on their absence, *State v. Barron*, 465 S.W.2d 523 (Mo.1971).

In such circumstances, defendant received more relief than he was entitled to receive on his objection, and the failure to go further and declare a mistrial was a proper exercise of the court's discretion in control of arguments. *State v. Schlagel*, 490 S.W.2d 81, 85–86 (Mo.1973); *State v. Sheard*, 276 S.W.2d 191, 195 (Mo.1955).

Appellant charges the court erred (II) in permitting Detective Steen to testify that the prosecutrix identified defendant in the lineup.

■■■ Appellant concedes "that no objection was made to either the question or the answer and that the admission of this question and answer was not cited as error in Appellant's Motion for New Trial."

Accordingly, the alleged error was not preserved for review; and with the adequate independent basis for in-court identification in this case, the alleged error does not constitute "plain error" under Rule 27.-20(c), V.A.M.R. *State v. Brownridge*, 459 S.W.2d 317, 320[9] (Mo.1970).

Appellant charges the court erred (III) in failing to dismiss the information in this case for the reason that it was filed pursuant to Rule 24.04, V.A.M.R., which is unconstitutional.

Appellant asserts that Rule 24.04 is unconstitutional and in violation of Article V, Section 5, Constitution of Missouri, V.A.

M.S., in that the rule "deprives him of the right to have the trial judge determine whether multiple sentences shall run concurrently or consecutively," because Section 546.480, RSMo 1969, requires that sentences following trial on multiple counts under Rule 24.04 shall be consecutive; and that Rule 24.04 "deprives him of his right to have each of the charges against him litigated at a separate trial"; and also that Rule 24.04 violates the equal protection clause of Amendment XIV, United States Constitution. He concedes that he "does not attack as arbitrary the singular operation of Rule 24.04 or the singular operation of Section 546.480 but rather attacks the rule and statute as they interrelate." See *State v. Neal,* 514 S.W.2d 544 (Mo. Banc 1974).

■ If these were open constitutional questions and arguments, there would be no jurisdiction in this court to decide this case. The Supreme Court has ruled the precise issue, however, and all that remains is the application of the rule to this case. *State v. Holley,* 488 S.W.2d 925, 927[5] (Mo.App. 1972).

■ *State v. Baker,* 524 S.W.2d 122 (Mo. Banc 1975), presented the identical questions and argument, and the court ruled: that "a defendant does not have either a federal or state constitutional right to be tried on only one offense at a time, * * * that a denial of equal protection does exist but that the problem arises from § 546.480 rather than Rule 24.04; * * * if § 546.-480 is declared to be unconstitutional, as we have concluded it is, there is no problem remaining of unequal treatment in sentencing resulting from Rule 24.04. That being true, we hold § 546.480 to be unconstitutional * * *." Declaring Section 546.480 unconstitutional "does not entitle appellant to a new trial. The statutory provision in question affected only the sentencing of appellant, not his trial."

■ In this last respect, the trial court in this case appears also to have assessed consecutive punishments as though there was no alternative. Since, under *State v. Baker, supra,* the trial court is now freed of any compulsions of Section 546.480 and now has the authority to exercise judicial discretion whether to impose concurrent or consecutive sentences on the two-count conviction, the cause must be remanded for that limited purpose.

Accordingly, judgment of conviction is affirmed; the "mandatory" consecutive sentences are set aside, and the cause is remanded for the limited purpose of resentencing by the court in an exercise of discretion whether to impose the sentences in question consecutively or concurrently. *State v. Baker, supra.*

All concur.