STATE of Missouri, Plaintiff-Respondent,

v.

Henry Darrell JOHNSON, Defendant-Appellant.

No. 36554.

Missouri Court of Appeals, St. Louis District, Division One.

April 6, 1976.

Motion for Rehearing or Transfer Denied May 17, 1976.

Robert G. O'Blennis, Frank Fabbri III, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Charles Howard, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas J. Kavanaugh, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

Henry Darrell Johnson, defendant-appellant, (hereinafter referred to as defendant) appeals from a conviction for Robbery First Degree, § 560.120, V.A.M.S. A final sentence of twenty-five (25) years imprisonment was imposed on September 26, 1974, in accordance with the verdict of the jury and the court's finding defendant guilty of one prior felony conviction. We affirm the judgment of the conviction entered by the trial court.

On April 22, 1973, Kathleen Sengebusch, the manager of the International House of Pancakes restaurant at 4103 Lindell Boulevard, was robbed by a lone, unmasked gunman. The victim had the opportunity to view the robber at close range for a period of approximately five minutes. Mrs. Sengebusch was shown hundreds of photographs by the police during the next two weeks without making any identification. On May 6, 1973, she was again robbed by four men, one of whom she recognized as being the robber of April 22. No charges were ever brought concerning this second robbery; the case now before us on appeal concerns only the robbery of April 22, 1973. On May 14 Mrs. Sengebusch made a positive identification of one photograph in a group of several which were being shown to her by the police. The man she identified was the defendant. After this photograph identification the police unsuccessfully attempted to arrest defendant at his last known local address. The St. Louis police were later notified that defendant was being held in Chicago, Illinois. They arranged for Mrs. Sengebusch to accompany them to Chicago on August 20, 1973, for the purpose of viewing a lineup. Mrs. Sengebusch made a positive identification of the defendant at the lineup. The defendant was subsequently transported to St. Louis for trial on the one robbery charge.

Prior to trial the court held a hearing and received testimony on defendant's motion to suppress identification. The motion, based on the allegedly suggestive identification process and the absence of counsel at the lineup, was overruled. Mrs. Sengebusch, the state's sole identification witness at trial, testified that she recognized defendant as having been a regular customer for a period of five to six months prior to the April 22, 1973, robbery. In addition to

Mrs. Sengebusch, the state called three of the police officers who had been involved in the identification process.

The defense at trial was alibi. Defendant's evidence consisted of two witnesses: Rose Johnson, defendant's aunt, who testified that defendant resided with her in Chicago from April to July of 1973, and Julia Johnson, defendant's grandmother, who testified that defendant had lived with her in St. Louis but had left on April 9, 1973. The state was allowed to impeach the testimony of Rose Johnson that defendant had been with her in Chicago all during May by recalling Kathleen Sengebusch to testify that she had seen defendant on May 6 in St. Louis. Defendant did not testify at trial.

Defendant raises five issues on appeal. First, the trial court allegedly erred in overruling the motion to suppress identification and in allowing identification testimony by the state's witnesses because the identification procedures were so unnecessarily suggestive and conducive to irreparable mistaken identification as to be a denial of due process of law, and because the pretrial confrontation at the lineup in Chicago was made without counsel. Second, the court allegedly committed plain error in permitting hearsay testimony from three (3) police officers concerning the identification of defendant prior to trial by Mrs. Sengebusch. Third, the trial court allegedly erred in allowing the state to bring forth rebuttal testimony from Kathleen Sengebusch concerning her identification of defendant at the restaurant on May 6, some two weeks after the event at issue, because the testimony was improper impeachment on a collateral issue and highly prejudicial to defendant. Fourth, the court allegedly erred in allowing the state's attorney to draw unfavorable inferences from the failure of the defendant to produce certain evidence since such evidence would have been solely cumulative or corroborative in nature and fifth, it was allegedly error for the court to allow the state's attorney to comment directly on defendant's failure to testify and

to allow the state's attorney to elicit testimony for the sole purpose of showing defendant's failure to make a statement while under arrest.

Defendant's first contention is that the identification procedures utilized prior to trial were so unnecessarily suggestive and conducive to irreparable mistaken identification as to be a denial of due process of law. According to defendant, Mrs. Sengebusch initially picked out his photograph not because she recognized him as the robber but because she thought his face was familiar due to his patronage of the restaurant. Then, he asserts, showing her the same photograph prior to the lineup and again prior to trial confirmed the mistaken identification and insured that her in-court identification was based solely on the pretrial identification procedures. Therefore, he contends that her identification testimony was unreliable and should not have been admitted by the trial court.

■ Defendant raised this issue during a hearing on his motion to suppress identification. As noted earlier, the motion was overruled and the challenged identification was made by Mrs. Sengebusch at trial. Defendant did not object to the introduction of this evidence and made a lengthy cross-examination of the state's witness on this matter. Defendant then raised the issue again in his motion for a new trial. The rule in Missouri is that, to preserve a matter for appeal, timely objection must be made at trial as well as in the motion for a new trial. *State v. Brownridge*, 459 S.W.2d 317 (Mo.1970) and *State v. Ward*, 518 S.W.2d 333 (Mo.App.1975). Defendant's first contention has not, therefore, been properly preserved for review.

■ Nor are the matters raised by defendant subject to consideration by the court under the "plain error" rule, Rule 27.20(c), unless the pretrial identification procedures resulted in "manifest injustice" to defendant. The standard by which the admissibility of identification testimony is to be determined has been set out by the

courts of our state on several occasions. Procedures which are unnecessarily suggestive and conducive to irreparable mistaken identification constitute a denial of due process. *Stovall v. Denno*, 388 U.S. 293, 301-2, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) and *State v. Rutledge*, 524 S.W.2d 449 (Mo. App.1975). However, each case is to be considered on its own facts, and the reliability of the resultant identification is to be determined from the totality of the circumstances. *State v. Parker*, 458 S.W.2d 241, 243-44 (Mo. 1970) and *State v. Ealey*, 515 S.W.2d 778, 779-80 (Mo.App.1974). Three factors to be considered in the totality of the circumstances are the presence of an independent basis for identification, the absence of any suggestive influence and the positive in-court identification, *State v. Parker*, supra, and *State v. Ealey*, supra. Even where the pretrial procedures are arguably suggestive, it does not inescapably follow that the in-court identification is tainted. *United States v. Dailey*, 524 F.2d 911, 914 (8th Cir. 1975) and *State v. Parker*, supra, at 244.

■ Clearly, the pretrial identification procedures used by the police and the prosecution were ill-advised. They unnecessarily refreshed the witness' memory as to the photograph she had previously chosen and may have implied she should identify the man whose picture she had already chosen. But, in the present case, any suggestive influence was outweighed by the other two factors. There was a strong independent basis for the identification. The witness testified to having seen the defendant regularly for five to six months prior to the robbery and to viewing the robber at close range for approximately five minutes during the robbery. There was also a positive in-court identification. The witness testified that she had no doubt that defendant was the man who had robbed her. Therefore, the pretrial procedures did not undermine the reliability of the in-court identification. The trial court did not err in admitting the identification testimony.

■ Defendant's claim that the absence of counsel at the pre-indictment lineup made the identification inadmissible, was not properly preserved for review and is clearly out of line with the decisions of the courts of this state. *Morris v. State*, 532 S.W.2d 455 (Mo. Banc) handed down Feb. 2, 1976; *State v. Walters*, 457 S.W.2d 817 (Mo. 1970) and *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

■ The second issue raised by defendant on appeal is that the trial court committed plain error in admitting hearsay testimony from three police officers. In essence, each of the policemen testified as to the process by which Mrs. Sengebusch made her identification and that she had identified the defendant. Defendant now claims that allowing this hearsay testimony had the effect of substantially bolstering the testimony of the state's sole identification witness, to the prejudice of defendant. *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. Banc 1972). Defendant acknowledges that this testimony was not objected to at trial or in the motion for a new trial but asks the court to consider the matter as plain error. Rule 27.20(c), V.A.M.R.

"... The doctrine of plain error is not intended to cover ordinary trial errors, such as the admission or exclusion of evidence where there has been no objection and no assignment in a motion for new trial, unless the error (if any) results in 'manifest injustice or a miscarriage of justice.'" (*State v. Taylor*, 472 S.W.2d 395, 403 (Mo.1971) citing *State v. Patterson*, 443 S.W.2d 104 (Mo. Banc 1969)).

It should be noted that the two cases which defendant cites to support the argument that the admission of this evidence was plain error concerned the violation of the Fifth Amendment right to remain silent, *State v. Stuart*, 456 S.W.2d 19 (Mo. Banc 1970), and the right to be informed of the charges being brought by the state, *State v. Negron*, 374 S.W.2d 622 (Mo.App.1963). In contrast, the error alleged here is the unchallenged admission of hearsay. In *Degraffenreid*, supra, the Supreme Court of Missouri found that it was error for the trial court to have admitted over defend-

ant's objection, the hearsay testimony of a police officer concerning the identification of the defendant by the state's sole identification witness. The court found that under the circumstances of the case the error was not harmless and could well have tipped the scales against the defendant. The hearsay testimony was both objected to at trial and preserved in the defendant's motion for a new trial. While we note that in the present case the identification of the defendant was much more certain, it benefitted less from the bolstering effect of the police testimony. In any event, such matters have not been reviewable as plain error when improperly preserved. *State v. Gant*, 490 S.W.2d 46 (Mo.1973) and *State v. Simmons*, 500 S.W.2d 325 (Mo.App.1973).

Defendant's third issue on appeal is that the trial court erred in allowing the state to rebut the testimony of his alibi witness on a collateral matter and that the error worked to the prejudice of defendant as the circumstances precluded cross-examination of the rebuttal witness.

Prior to trial, defendant had requested and received a protective order which precluded the state from introducing in its case in chief evidence of several other crimes in which defendant was allegedly implicated, including a robbery on May 6. At trial, Rose Johnson, defendant's only witness, stated on direct examination that defendant had stayed at her home beginning on April 9 and through the month of May. On cross-examination she testified that defendant was at her home on May 6, 1973. After an extensive hearing outside the presence of the jury, Kathleen Sengebusch was recalled, over defendant's objection, and testified that she had seen defendant on May 6 at the International House of Pancakes. No evidence was offered as to the circumstances of this encounter, and, although in her earlier testimony Mrs. Sengebusch had inadvertently referred to the April robbery as the "first" robbery, the jury was never made aware of the second robbery on May 6, 1973. Defendant did not cross-examine Mrs. Sengebusch on this matter for fear of introducing the second robbery.

The general rule is that the scope of rebuttal testimony rests within the broad discretion of the trial court. *State v. Huff*, 454 S.W.2d 920, 923 (Mo.1973) and *State v. Kirk*, 510 S.W.2d 196, 199 (Mo.App.1974). Reviewing courts will not reverse unless the defendant is prejudiced or the court abused its discretion. *State v. Kirk*, supra. Rebuttal testimony on a collateral matter has been held inadmissible. *State v. Earvin*, 510 S.W.2d 419, 421–22 (Mo.1974). However, the courts of Missouri have held that rebuttal may be offered to combat alibi despite the limitation of rebuttal on collateral matters. *State v. Huff*, supra, at 923 and *State v. Jackson*, 336 Mo. 1069, 83 S.W.2d 87, 93 (1935). The admission of this rebuttal testimony has been allowed under the theory that evidence offered by the defendant may be rebutted by any competent testimony that tends to counteract or disprove it. *State v. Kirk*, supra, at 199.

Looking at the rebuttal evidence of the present case in the light of this specific rule and the more general rule that the trial court is to be allowed broad discretion in this area, we do not find that the admission of the rebuttal testimony was error.

Defendant's fourth point is that the trial court erred in allowing the state to comment on the failure of the defendant to produce evidence since such evidence would have been solely cumulative or corroborative in nature. In its closing argument the state commented on the failure of the defendant to introduce any evidence of the bus schedules from St. Louis to Chicago; it argued that these would have tended to support the testimony of Rose Johnson as to the circumstances of defendant's arrival in Chicago. When a witness is more available to one party than to another and might reasonably be expected to give testimony in that party's favor, an unfavorable inference may be drawn from the failure to produce the witness. *State v. Wallach*, 389 S.W.2d 7, 13 (Mo.1965) and *State v. Collins*, 350 Mo. 291, 165 S.W.2d 647, 648–9 (Mo.1942). This inference is not permissible where the testi-

mony would be cumulative or where it would have been held inadmissible if offered. *State v. Wallach,* supra, at 13. This rule extends to documentary evidence, such as bus schedules. *State v. Wells,* 305 S.W.2d 457 (Mo.1957). The trial court that heard the argument exercised its discretion in determining whether the argument was prejudicial and appellate courts will not interfere with that determination unless it is clear from the record that the trial court abused its discretion. *State v. Goff,* 516 S.W.2d 818, 822 (Mo.App.1974). In *State v. Wallach,* supra, where one witness testified to conversations between himself and the defendant, comment on the defendant's failure to call a second witness whom the first had told of the conversations was error because it was clear that the second witness' testimony not only would have been merely corroborative but also subject to a hearsay objection. Here, the bus schedules would have been supplementary evidence, not merely cumulative or corroborative of Rose Johnson's testimony. And they would have been admissible if offered. Therefore, the trial court did not err in allowing the state's attorney to draw unfavorable inferences from defendant's failure to produce them.

■ We note some dispute between defendant and the state as to the mutuality of the application of these rules. The cases, as we understand them, hold that either party may comment on the failure of their adversary to produce evidence which was more available to the adversary. *State v. Collins,* supra, 350 Mo. 291, 165 S.W.2d at 649.

The fifth issue raised by defendant on appeal concerns the alleged error of the trial court in allowing the state's attorney to comment on defendant's failure to testify and in allowing the state to elicit testimony for the sole purpose of showing the defendant's failure to make a statement while under arrest. The comments and testimony now complained of were not objected to at trial nor were they included in defendant's motion for a new trial. Defendant acknowledges this failure to preserve the issues and asks us to now consider these matters as plain error. Rule 27.20(c), V.A.M.R.

■ A direct reference to a defendant's failure to testify would be a violation of his constitutional rights and, therefore, open to consideration under the plain error rule. *State v. Stuart,* 456 S.W.2d 19 (Mo. Banc 1970) and *State v. Gray,* 503 S.W.2d 457 (Mo.App.1973). Likewise, if the prosecution evidence is such that only the defendant could contradict it, characterizing that evidence as "undenied" is an improper reference to defendant's failure to testify. *State v. Hampton,* 430 S.W.2d 160, 163 (Mo.1968). However, we do not find such a reference in the record. The comments of the state's attorney were directed to the failure of the defendant to put on adequate evidence, and this is clearly permissible. *State v. Sechrest,* 485 S.W.2d 96, 98 (Mo.1972) and *Cloud v. State,* 507 S.W.2d 667, 669 (Mo. App.1974). Therefore, we find no plain error as to these comments.

■ The questioning and testimony which defendant now claims should have been excluded by the trial court concerned the giving of the "Miranda" warnings to the defendant both in Chicago and St. Louis. No comment was made by the witness or prosecutor as to whether defendant then remained silent. Testimony that defendant was given his rights is permissible when given without embellishment. *State v. Cheatum,* 520 S.W.2d 695, 697 (Mo.App. 1975). The important aspect of embellishment is any comment that defendant failed to make a response. *State v. Cheatum,* supra. No such embellishment is apparent from the record. The jury's knowledge of the fact that defendant was informed of his right to remain silent is not a violation of that right. *State v. Cheatum,* supra, at 697. We find, therefore, that the trial court did not commit plain error in allowing this questioning and testimony.

For the foregoing reasons we affirm the decision of the trial court.

Judgment affirmed.

WEIER, P. J., and RENDLEN, J., concur.