STATE of Missouri, Plaintiff-Respondent,

v.

Louis GREENLAW, Defendant-Appellant.

No. 37299.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 26, 1976.

Thomas R. Motley, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Presiding Judge.

Defendant appeals from a jury conviction for Robbery First Degree by means of a dangerous and deadly weapon, and a sentence of twenty-five (25) years imprisonment. We affirm.

Prior to trial, defendant's motion to suppress identification testimony was overruled.

The state's principal witness, Ms. Parthenia Roundtree stated that she was a manager at a Velvet Freeze Store and that she and a co-worker were in the store at the time of the robbery. At about 3:30 P.M., a man entered the store and ordered a sandwich from Ms. Roundtree. Her co-worker finished the sale; however, the man remained at the counter. Ms. Roundtree asked if he wanted anything else. The man replied yes, then pulled a gun, and jumped over the counter. He ordered her to open the cash register and thereafter took the money contained therein. Afterwards he went through the pockets of both Ms. Roundtree and her co-worker. At this point a customer came into the store, and the robber jumped back over the counter and fled. Ms. Roundtree watched the direction he took while her co-worker phoned the police. Within a few minutes the police arrived and Ms. Roundtree gave a description of the robber. Soon afterward, the police returned with the defendant whom Ms. Roundtree identified as the person who had robbed her. About an hour later Ms. Roundtree again identified the defendant in a lineup consisting of from one to three individuals.

Ms. Roundtree further testified that the robber wore sunglasses when he came in, but later took them off. The entire event lasted about fifteen or twenty minutes.

On the day of the trial the prosecutor showed Ms. Roundtree a photograph of the defendant and asked her if they had the right man. She replied that they did.

During the trial Ms. Roundtree testified, without objection, that the defendant was indeed the individual who had robbed her. Defense counsel again challenged the validity of Ms. Roundtree's identification in his motion for a new trial.

Defendant argues that the identification procedure denied him constitutional due process because: (1) the confrontation between Ms. Roundtree and himself at the store immediately after his arrest; and (2) Ms. Roundtree's viewing of his photograph on the day of the trial—both were "sugges-

tive and conducive to irreparable mistaken identification. . . ."

The state argues that (1) "Miss Roundtree's identification was based on an independent source; and (2) the appellant's contentions have not been properly preserved for review."

 Defendant made a pretrial motion to suppress the identification testimony and made a motion for a new trial on the same grounds, yet at the time of the introduction of Ms. Roundtree's identification testimony no objection was made. This court recently reiterated the well-established rule in Missouri that even where a pretrial motion to suppress and a motion for a new trial are made, nothing is preserved for review in the absence of a timely objection during the trial. *State v. Johnson,* 536 S.W.2d 851, 854 (Mo.App.1976). See also *State v. Brownridge,* 459 S.W.2d 317, 320 (Mo.1970) and *State v. Johnson,* 533 S.W.2d 629, 631 (Mo. App.1976).

Defendant does not ask that we review this case under Rule 27.20(c), nevertheless we find the plain error rule to be inapposite under the circumstances shown herein. In our view the trial court applied well-established principles of law as interpreted by our courts with regard to tainted identification. Although the procedures used in this case, especially Ms. Roundtree's viewing of defendant's photograph, were arguably suggestive, looking to the "totality of the circumstances," it cannot be said that her identification of the defendant was so tainted as to be constitutionally impermissible. *State v. Parker,* 458 S.W.2d 241, 243 (Mo.1970). The court looks to the "presence of an independent basis for identification, the absence of any suggestive influence and the positive in-court identification . . . ." *State v. Johnson,* 536 S.W.2d 851, 855 (Mo.App.1976).

In this case, Ms. Roundtree had an opportunity to view the defendant for about fifteen minutes in a well-lighted area. Her attention was focused on him during the actual commission of the robbery, and the description she gave immediately after-

wards fit the defendant. Her in-court identification was positive. Ms. Roundtree stated that her in-court identification was based upon what she remembered from the happening of the crime rather than the subsequent events.

Accordingly, the judgment of the trial court is affirmed.

STEWART and RENDLEN, JJ., concur.