STATE of Missouri, Plaintiff-Respondent,

v.

Tommie WILLIAMS,
Defendant-Appellant.

No. 37909.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 28, 1976.

Robert C. Babione, Public Defender, Mary Louise Moran, Terry Burnet, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Robert L. Presson, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Ronald Safren, Asst. Circuit Atty., Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Tommie Williams appeals from a conviction by a jury of murder in the second degree. He was sentenced to fifty years imprisonment.

Defendant Williams does not question the sufficiency of the evidence to sustain his conviction. The jury could find that Williams and the victim, Phillip Rowan, had been drinking and gambling during the afternoon of December 28, 1974. These events terminated when the victim refused to pay defendant a gambling debt. Defendant and Rowan entered a tavern and were overheard discussing the money owed. Rowan left, ostensibly to obtain the money. When Rowan returned, defendant was waiting outside the tavern and pulled a pistol on him. After some conversation, defendant shot Rowan as he turned to leave. Then defendant went to Rowan as he lay on the ground and fired two more shots at Rowan.

Defendant testified on his behalf that, when the gambling ended, all the participants except defendant entered the tavern. His testimony indicated Rowan was accompanied by an unidentified man. Defendant stated that this unidentified man had a gun, and when he came back outside with Rowan he stated: "Quit talking to the little fool and shoot him." Defendant feared that either Rowan or the unidentified man was going to do something to him, so he shot Rowan.

On appeal, appellant contends that the court erred in overruling defendant's objection to comments by the prosecutor on defendant's failure to call the victim's unidentified companion as a witness in closing argument. The argument in question is set out below:

"The other thing he was in fear of was this unknown man, who, the first time I have ever heard about the man was here yesterday when you did. The first time I heard Tommie's story was here yesterday when you did. Who is that man? Where is he? Mr. Fanning has the right to bring in any witness he wants. The defendant told you he's known in that area.

\*      \*      \*      \*      \*      \*

"I didn't even know about him until yesterday. How can I bring him in? You have seen the defendant's friends and relatives sitting out there for two days. They could have gone back to the corner and gotten that man any time in the last year and a half, but he didn't come in because there is no such person."

To these comments, defendant's counsel promptly objected.

The trial court has wide discretion in controlling the arguments of counsel. Whether remarks of counsel are improper and whether improper remarks are prejudicial so as to necessitate reprimand of counsel or discharge of the jury rest within the trial court's sound discretion. It is only when that discretion is abused that an appellate court will reverse and remand for new trial. *State v. Ball,* 529 S.W.2d 901, 908[19] (Mo.App.1975).

In support of his contention, appellant cites *State v. Collins,* 350 Mo. 291, 165 S.W.2d 647 (1942), and *State v. Houston,* 451 S.W.2d 37 (Mo.1970). The court in *Houston,* at 40, states the general rule that it is improper for the state to argue the failure of a defendant to call a witness in his behalf where the witness is equally available to both parties. Three principal elements of availability are enunciated in *State v. Collins, supra* at 648–649: (1) the

superior means of knowledge of one party regarding the existence and identity of a witness; (2) the superior means of knowledge regarding the nature of the witness' testimony; and (3) the relationship of the parties. There was no special relationship between defendant and the unidentified alleged witness. However, defendant had the superior *means* of knowledge of the existence and identity of this alleged witness and of the nature of his testimony.

Though defendant did not know the alleged witness, he had seen the man on previous occasions and had been gambling with him prior to the shooting. Defendant could identify the alleged witness, could locate him through information obtained by talking to other persons who had gambled with defendant and the alleged witness on the day of the shooting, or could locate him in the neighborhood where defendant had previously seen him. Defendant also had the superior means of knowledge regarding the nature of the testimony of the alleged witness, and of the value of that testimony to him. See, *State v. Brown,* 525 S.W.2d 565, 567[2] (Mo.App.1975). Defendant was the only person at the scene who saw or heard the alleged witness. The state had no knowledge of the existence of this alleged witness, no description of the unidentified man, and no indication of the contents of any testimony he might give.

The judgment is affirmed.

DOWD and CLEMENS, JJ., concur.