Paul C. Wilson, Judge,
dissenting.
I respectfully dissent. The principal opinion correctly notes that “[r]eversal due to an evidentiary error requires a showing of prejudice,” State v. McFadden, 369 S.W.3d 727, 736 (Mo. banc 2012) (quoting State v. Taylor, 298 S.W.3d 482, 492 (Mo. banc 2009)). There was no prejudice from the trial court’s exclusion of Mr; King’s testimony concerning Jonathan’s out-of-court inculpatory statement because evidence that Jonathan was .the shooter already was before the jury. Marcus Stephens, offered by the defense, testified that Eli, Cody and Jonathan each claimed to have shot the Victim. See State v. Gilmore, 681 S.W.2d 934, 940 (Mo. banc 1984) (“even if there had been error in sustaining objections to these isolated questions, the court’s rulings were not prejudicial’ to the defendant” because the jury otherwise “received the gist of the testimony that the defense[1] counsel attempted to develop”); State v. Wells, 305 S.W.2d 457, 459 (Mo.1957) (“improper rejection of evidence is not prejudicial error when the same'or substantially the same evidence is otherwise admitted”). Moreover, Ms. Copeland testified that Eli boasted the Victim “was dead ... and we killed him.” As a result, the defense had ample grounds to argue to the jury that Jonathan or someone else — not Hartman — was the shooter, and it did not do so.
Even if Jonathan’s.out-of-court inculpa-tory statement had not already been before the jury, that statement did not exonerate Hartman of murder in the first degree. Had that evidence come in — and had it been argued to the jury by defense counsel, even though Mr. Stephens’ and Ms. Copeland’s . evidence was not — the state would have been entitled to have the jury instructed that Hartman could be convicted of - first-degree murder as a principal or as an accomplice. See State v. Cella, 32 S.W.3d 114, 118 (Mo. banc 2000) (“It is proper to submit to the jury a theory of accomplice liability despite charging the defendant as a principal.”); State v. Isa, 850 S.W.2d 876, 898 (Mo. banc 1993) (same). •=’
Finally, prejudice should be measured against Hartman’s conviction for second-degree murder, not the jury’s guilty verdict for first-degree murder, which the trial court vacated under State v. Hart, 404 S.W.3d 232, 239 (Mo. banc 2013). As *62 above, if King’s testimony about Jonathan’s inculpatory statement had come in — and had it been argued to the jury, which the other evidence of Jonathan’s inculpatory statements was not — the state would have been entitled under Celia and Isa to have the jury instructed that Hartman could be convicted of second-degree murder as a principal or as an accomplice.
In this regard, it is significant that the jury actually was instructed — if it did not find Hartman guilty of first-degree murder — that it should consider whether Hartman was guilty of second-degree felony murder. Instruction No. 8 stated that the jury should find Hartman guilty of second-degree murder if: (1) Hartman committed burglary in the first degree; (2) Hartman “or an accomplice caused the death of [Victim] by shooting him;” and (3) Victim “was killed as a result of the perpetration of that burglary in the first degree.” [Emphasis added.]
For the exclusion of King’s testimony to be prejudicial, therefore, this Court must conclude — if Jonathan’s out-of-court statement had been admitted — that the jury would not have found Hartman guilty of first-degree murder as a principal or accomplice (a doubtful proposition), that the jury would not have found Hartman guilty of regular second-degree murder as a principal or accomplice (a far more doubtful proposition), and that the jury would not have found Hartman guilty of second-degree felony murder (an impossible proposition). Under this Court’s decision, however, Hartman now faces re-trial for first-degree murder — and a possible sentence of life without parole[1] — with no reasonable prospect of bettering the outcome of his first trial, i,e., a conviction for second-degree murder. Accordingly, I respectfully . dissent and would affirm Hartman’s convictions in all respects.

. In his first trial, the jury found Hartman guilty of murder in the first degree. But, because the jury was unable to agree to impose the only statutorily authorized sentence, ’ i.e„ life without parole, the trial court entered a conviction of second-degree murder and the jury assessed his sentence for that crime. On retrial, Hartman will face the same first-degree murder charge and — if the jury finds he committed that crime — the trial court.must again ask the jury whether a sentence of “life 'without parole is a just and appropriate sentence ... under all the circumstances.” Hart, 404 S.W.3d at.239.