STATE of Missouri, Respondent,

v.

George J. RODRIGUEZ, Appellant.

No. 34794.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Feb. 11, 1975.

---

Clyde S. Cahill, Jr., Donald L. Schmidt, Christopher Hexter, Legal Aid Society, Charles D. Kitchin, Kevin M. O'Keefe, St. Louis, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Paul Robert Otto and Scott A. Raisher, Jefferson City, Brendan Ryan, Nels C. Moss, Jr., St. Louis, for respondent.

SMITH, Chief Judge.

Defendant appeals from his conviction by a jury of assault with intent to kill with

malice and robbery with a dangerous and deadly weapon. His punishment was fixed by the jury at 65 years on the assault charge and 35 years on the robbery charge.

Defendant raises four points of alleged error but makes no attack on the sufficiency of the evidence to sustain the verdict. The victim of both crimes, Carl Borns, was walking down a street in St. Louis when he encountered two men having trouble with their car. At their request he helped push the car into a service station. After the car was repaired the men, subsequently identified as defendant and Walter Kennedy, offered Borns a ride to his destination. He accepted and, during the ensuing trip, the men stopped at an apartment building and invited him up to an apartment for a beer. Again he accepted and, upon arriving at the top of the apartment stairs, Kennedy drew a gun and ordered Borns into a bedroom. Kennedy then struck Borns with the gun, ordered him to remove his coat and watch and then shot him in the leg. Defendant was present during some of the robbery. Kennedy then ordered Borns to go with him and the two entered a car which defendant was driving. The three proceeded into north St. Louis to a warehouse. Borns was ordered out of the car by Kennedy. Defendant had already left the car and was standing at the rear of the vehicle. Borns could not see defendant's hands and did not know if he had a gun. A thirty-second barrage of rapid fire commenced during which Borns sustained nine gunshot wounds. Kennedy and defendant then reentered the car and drove off. Borns crawled or dragged himself to a service station two blocks away where the police were called. Borns told the police the location of the apartment house, described the car in which he had been driven and gave the name "Rodriguez" as one of his assailants. Six hours after surgery for his wounds three men were brought to Borns' hospital room. Borns identified Kennedy as the man who shot him, defend-

ant as the driver of the car, and the third man, McGraw, as present at the apartment house but having no part in the robbery or assault.

■■■ Defendant's first claim of error is that the court erred in denying certain pre-trial discovery sought by defendant.[1] Until the new rules of criminal discovery (which became effective July 1, 1974, after this trial) "there has been no general right of discovery in criminal cases in Missouri." State v. Tressler, 503 S.W.2d 13 (Mo.1973) [4]. Such discovery is largely within the discretion of the trial court and such discretion is abused where the denial of discovery makes defendant's trial "fundamentally unfair." State v. Aubuchon, 381 S. W.2d 807 (Mo.1964) [5–10]. We find no fundamental unfairness here. The names of the witnesses were available to defendant and counsel was in a position to interview them. Defendant's request for pre-trial discovery was conclusory in nature and within the trial court's discretion to deny. State v. Brown, 360 Mo. 104, 227 S.W.2d 646 (1950) [3]. Defendant's claim that such discovery was required because of his indigency and resultant inability to take depositions was not a ground raised before the trial court in the motions. Again we find no unfairness nor prejudice. Counsel had the opportunity to interview the witnesses and at least as to Borns did so. No request was made that the State bear the costs of depositions and defendant extensively examined the witnesses under oath at a pre-trial hearing to suppress.

■ Defendant's second point is that the court erred in not discharging the panel when defendant at the beginning of voir dire stated: "Your Honor, I am an ex-convict, and I refuse to go to trial with this attorney." This outburst immediately followed a lengthy in-chambers conference with defendant, the attorneys and the judge at which the Court had refused to grant defendant's request for a different

1. Some of the information requested in the Motion to Discover and related motions was ordered produced by the trial court prior to trial.

attorney. We find no abuse of discretion in the court's action in refusing to discharge the panel. ". . . trial Judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Defendant's behavior was improper and stubbornly so. There was, in view of the prior conference, no reason to believe the defendant would not again "taint" the panel through his own conduct. The court's action under the circumstances was not an abuse of discretion. State v. McGinnis, 441 S.W.2d 715 (Mo.1969) [2].

 Defendant next contends that Borns' in-hospital confrontation of defendant was unduly suggestive and the hospital identification should not have been allowed into evidence. The extent and severity of Borns' injuries necessitated such a show-up in the hospital room. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Such conduct by the police was "not only sound police procedure but it was dictated by common sense." State v. Hamblin, 448 S.W.2d 603 (Mo.1970) [4, 5]. The evidence further fully supported a factual determination that the confrontation was not done in a suggestive manner. Nor can we conclude that the hospital identification tainted Borns' in-court identification. Borns was with defendant for nearly an hour under both relaxed and stressful circumstances. There existed a reliable basis for the in-court identification in addition to the hospital identification.

During the course of the trial Borns held up the pants he was wearing at the time of the assault and identified them as his and as the ones he was wearing at the time. Defendant contends no chain of custody was established to show the pants were in the same condition as after the shooting. Chain of custody is irrelevant where the evidence has been specifically identified by one actually involved in the crime. State v. Granberry, 484 S.W.2d 295

(Mo. banc 1972) [13–17]. Furthermore, given the overwhelming medical evidence of nine bullet wounds in the victim's body any prejudice from admission of the pants is de minimis if not totally absent.

Judgment affirmed.

KELLY, Jr., and STEWART, JJ., concur.