**STATE of Missouri, Plaintiff-Respondent,**

v.

**Dennis KIRKSEY, Defendant-Appellant.**

**No. 35853.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 4, 1977.

Motion for Rehearing or Transfer
Denied Feb. 16, 1977.

Joseph F. Beatty, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, David L. Baylard, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant Dennis Kirksey was found guilty by the jury of the offense of first degree murder, §§ 559.010 and 559.030, RSMo 1969, and sentenced by the court to life imprisonment. From this conviction, defendant appeals. We affirm.

Defendant does not challenge the sufficiency of the evidence, and the facts are briefly as follows. On January 8, 1973, Edward Payne was collecting money from coin telephones for Southwestern Bell Telephone Company. He was driving a green step van and was followed in a red Buick by Edward Byrne, a plainclothes security guard also employed by Bell Telephone. Mr. Payne doubleparked in front of Nash's Recreation Parlor in the 5600 block of Martin Luther King Drive to make a collection. Mr. Byrne doubleparked behind him. As Mr. Payne was exiting from Nash's, he heard gunshots. Mr. Payne bent down in the glass-enclosed entryway, and looked out to see Byrne shooting through his rear car window. Mr. Payne also saw a black man, medium build, five feet seven inches tall, wearing a brown leather jacket, dark pants and a gray hat run from the scene while shooting. There was a trail of blood in the snow leading from the scene. Mr. Byrne had been shot and was pronounced dead on arrival at Homer G. Phillips Hospital. At approximately the same time, another man, later identified as defendant, was treated at Homer G. Phillips Hospital for gunshot wounds. Defendant's clothing matched the clothing described by Mr. Payne. A fragment of glass from defendant's brown

leather jacket was analyzed and found to be the same color and density as glass from the rear window of Mr. Byrne's automobile; the said glass fragment and a glass sample from the rear window of Mr. Byrne's car were manufactured from the same "batch" of glass. Blood samples from the trail of blood at the scene and from defendant's clothing were found to be similar after analysis.

The state also presented evidence over continuing defense objection that defendant was identified from a photograph as one of three men who had robbed Mr. Payne on an earlier occasion on September 1, 1972, while he was collecting from coin telephones in his green step van. Mr. Payne testified that about a month after this robbery he spoke to defendant prior to defendant's preliminary hearing, at which time defendant asked Mr. Payne why he was testifying against defendant and asked Mr. Payne not to testify against him. Defendant denied the latter question and also denied involvement in the shooting incident.

Defendant first contends that the trial court erred in allowing Mr. Payne to testify concerning the robbery on September 1, 1972, at which defendant was identified. Defendant relies on the well-established general rule that proof of the commission of separate and distinct crimes is not admissible to prove the crime charged, unless such proof has some legitimate tendency to directly establish defendant's guilt of the crime charged. But, it is equally well-accepted that evidence of other crimes is competent to prove the specific crime charged when it tends to establish: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; (5) the identity of the person charged with the commission of the crime on trial. *State v. Cooper,* 541 S.W.2d 40, 44[6] (Mo.App.1976).

At trial, the prosecutor made an oral motion on the admissibility of evidence, stating that he intended to introduce evidence that defendant previously robbed Mr. Payne and that defendant had a conversation with Mr. Payne concerning the robbery, in order to prove the motive and intent of defendant for the crime charged. Thus, the state invoked the first and second exceptions to the general rule of exclusion. On appeal, the state contends that this particular evidence adduced at trial tended to establish defendant's motive.

In homicide cases based wholly on circumstantial evidence, proof of motive is of paramount importance and is material to explain the killing and to show the connection of defendant with the crime or the inducement which led him to commit it. *State v. Wheaton,* 221 S.W. 26, 29[5] (Mo. 1920). And where the defendant denies the crime, the question of motive gains further importance because absence of motive then tends to sustain defendant's claim of innocence. *State v Stapleton,* 518 S.W.2d 292, 296[2] (Mo. banc 1975).

The instant case was based on circumstantial evidence and the defendant denied involvement in the shooting incident. Motive was, therefore, important and material to the state's case. From the testimony of Mr. Payne the jury could infer that the robbery of September 1, 1972, and his testimony against defendant on that charge was a motive for the ensuing shooting incident. The trial court did not abuse its wide latitude in permitting the testimony of Mr. Payne on the robbery inasmuch as it developed the evidence of motive. *Billings v. State,* 503 S.W.2d 57, 60[7] (Mo.App.1973).

Defendant next contends that the trial court should have sustained defense counsel's objection and declared a mistrial when the state questioned a defense witness concerning his "busts", street parlance for "arrests". The allegedly improper question came about in the following exchange:

"Q Mr. Brown, you have done a lot of time, haven't you?

A Yes, I have done time before.

Q And you talked about your raps, didn't you?

A (No response)

Q When you get busted you talk about it to your buddies, don't you?

MR. REARDON: Judge, I'll object to the form of that question and ask the jury be instructed to disregard it."

Defendant submits that a witness cannot be queried concerning prior arrests which did not result in convictions. However, this principle of law has no application to the challenged question. The prosecutor did not ask the witness the proscribed question of whether he had been arrested for any offense which did not result in conviction. The primary thrust of the challenged question is whether the witness had *talked to other persons* "[w]hen you get busted". The emphasis therein and in several succeeding questions reviewed in the record is placed on possible conversations between the witness and the defendant relating to crimes they had committed after the witness had denied ever discussing the robbery of September 1, 1972 with defendant. Since the witness was not asked if he had been arrested, the question is not improper. Under the circumstances existing here, the trial court correctly overruled defendant's objection.

Finally, the defendant contends that Instruction No. 6, the circumstantial evidence instruction, was erroneous. Defendant urges review of this instruction pursuant to the plain error rule, Rule 27.20(c), since the record reveals that no objection was made to Instruction No. 6 at trial or in defendant's motion for new trial.

■ Trial in the instant case was held in August, 1973. Prior to the effective date of MAI–CR on January 1, 1974, no certain and specific terminology was required in a circumstantial evidence instruction so long as it advised the jury, in substance, that the circumstances proved must be consistent with each other and with the hypothesis that the defendant was guilty, and inconsistent with any theory of his innocence and with every reasonable hypothesis, except that of guilt. *State v. Burke,* 462 S.W.2d 701, 704[4] (Mo.1971); *State v. Burrage,* 418 S.W.2d 101, 107[11] (Mo.1967). In both these cases the language of the approved instruction is nearly identical to the language of the instruction in the instant case.

Instruction No. 6 adequately addresses and instructs on the issue of circumstantial evidence, and there was no error in giving it to the jury.

The judgment is affirmed.

DOWD and CLEMENS, JJ., concur.

CLEMENS, Judge, concurring.

The court's opinion condones the cross examination of defense witness Willie Brown wherein he was asked, "When you get busted you talk about it to your buddies, don't you?" As Judge Weier says, "busted" is street parlance for "arrested." By the quoted question, the prosecutor was not asking but was declaring that the witness had been arrested. (His question was akin to the fictional question, "Have you stopped beating your wife?") I believe the trial court's denial of the defense objection violated the principle that a witness may not be impeached by showing he has been arrested.

I do not believe, however, this rises to the level of reversible error. Witness Brown contributed little to defendant's defense and he had already been properly impeached as a felon by admissions he had "done a lot of time." Considered in context I believe the error comes within Rule 84.-13(b) which proscribes reversal except for error materially affecting the merits of the action, which this does not do.