STATE of Missouri, Plaintiff-Respondent,

v.

Millard L. SWENSON,
Defendant-Appellant.

No. KCD 28391.

Missouri Court of Appeals,
Kansas City District.

May 2, 1977.

Motion for Rehearing and/or Transfer
Denied June 1, 1977.

Application to Transfer Denied
July 11, 1977.

Robert G. Duncan, William E. Shull, Duncan & Russell, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

DIXON, Judge.

Defendant appeals a conviction by jury of two counts of kidnapping and two counts of sodomy. The jury imposed sentences of 10 years on each of the counts of kidnapping and sentences of 300 years on each of the counts of sodomy. Defendant raises an issue concerning the prosecutor's closing ar-

gument and the prosecutor's use of an exhibit. Judgment is affirmed.

The defendant does not challenge the sufficiency of the evidence to support the conviction and a detailed recital of the facts of this case is not required in view of the opinions in *State v. Dayton*, 535 S.W.2d 469 (Mo.App.1976), and *State v. Dayton*, 535 S.W.2d 479 (Mo.App.1976). Our reported opinions deal with the convictions of accomplices in the instant case and the statement of facts in those opinions recites substantially the evidence upon which this conviction rests. As necessary to a discussion of the points raised, the evidence will be reviewed upon the record in this case.

The defendant's first claim is that the prosecutor's argument was inflammatory and prejudicial under the plain error rule and justifies a reversal. No objection was made to the argument, and the standard of review of this contention is to determine whether or not there was plain error constituting an impairment of substantial rights and manifest injustice under Rule 27.20(c). The complained of argument arose as the prosecutor introduced his argument of the facts produced in evidence as to the guilt of defendant. Thus, the essential issue becomes a dual one—were the expressions of the prosecutor reasonably related to the issues before the jury *and* based upon record evidence and legitimate inferences?

The boys who were victims were seven and eleven at the time of the offenses. The jury, of course, must perforce have relied upon the credibility of these two young boys in reaching the verdicts. Under the facts of this case, this defendant was not shown to have participated physically in all of the acts charged. The gravamen of one of the offenses was that he was present and participated in the offense by acting in concert, aiding and encouraging the accomplices in the serious offense shown in the evidence.

Thus, the jury was confronted with the issue of the credibility of the young witnesses *and* the issue of the extent of the defendant's participation in the acts of the accomplices. The complained of argument must then be tested in the light of those issues and this record.

■ In the course of his closing argument, the prosecutor stated that the affair was "sordid;" that the matter was "distasteful;" that the boys had to relive the experience countless times testifying; that the boys testified in spite of the "terrors" and "horror" of the experience; that the boys were "treated worse than animals;" that the defendant deserves a "worse jolt" than he gave the boys with the cattle prod; that the defendant should receive a sentence he will "never get out of jail for;" that the men tortured the boys; that the boys will bear psychological scars from the experience; that the jury should consider the pity the defendant showed the boys. It is established in Missouri that the trial court has discretion in permitting or rejecting closing argument by counsel to a jury; abuse of that discretion must be shown before a trial court will be convicted of error for allowing improper argument by counsel. *State v. Wright*, 515 S.W.2d 421 (Mo. banc 1974); *State v. Jewell*, 473 S.W.2d 734 (Mo.1971).

■ The prosecutor has the duty to insure a fair trial for each defendant. Because the position of prosecuting attorney is a quasi-judicial one, the prosecutor should not attempt to inflame the passions or prejudices of the jury against the defendant. An argument to the jury should not invoke personal epithets against a defendant; speculate to the jury about future crimes a defendant might commit, or strike fear of the defendant in the jury. *State v. Tiedt*, 357 Mo. 115, 206 S.W.2d 524 (Banc 1947); *State v. Heinrich*, 492 S.W.2d 109 (Mo.App. 1973); *State v. Harris*, 351 S.W.2d 713 (Mo. 1961).

■ By the same token, however, a prosecutor has wide latitude in argument. He may argue all the evidence and any reasonable inferences drawn therefrom. *State v. Bolden*, 525 S.W.2d 625 (Mo.App.1975); *State v. Jackson*, 499 S.W.2d 467 (Mo.1973).

■ Testing the argument in this case against those principles and in the context of the issues presented on this appeal, it is apparent that it is reasonably related to the issues. The argument as to the impact of the events on the boys is directly related to their credibility. The nature of the acts of defendant and his accomplices bears directly on the issue of the defendant's aiding and abetting rather than occupying the role of a bystander. The defendant also asserts that the argument was inflammatory and prejudicial because of the nature of the adjective description of the record by the State in its argument. It is difficult to read the opinions written in this case heretofore, let alone the full record of the testimony here, without feeling that it is almost impossible for a prosecutor to deal with this fact situation without referring to it in adjectives such as those that were used. A statement of the actual facts of the occurrence impresses one more than the adjectives used, and it is difficult to see how the characterization of the record is more harmful than the record itself.

■ Continuing the argument, the prosecutor moved to the issue of the punishment and asserted that the defendant should receive a worse jolt than he gave the boys with the cattle prod, that the defendant should receive a sentence that would never permit him to get out of jail, that the defendant and the other participants tortured the boys and that the jury should consider the attitude shown the boys in determining the punishment to be afforded. It was a strong and effective argument on this record for the punishment of this defendant in the light of the evidence shown in the record, but it was factually based and within the language of the argument permitted to a prosecutor in asserting the punishment issues.

■ It is well established that a prosecutor has wide latitude in arguing to a jury the necessity for strict law enforcement and the deterrent effect of a severe sentence. *State v. Pruitt*, 479 S.W.2d 785 (Mo. banc 1972); *State v. Jackson*, 477 S.W.2d 47 (Mo. 1972); *State v. Raspberry*, 452 S.W.2d 169 (Mo.1970).

■ Other comments of which the defendant complains regarding sentencing the defendant were given in the State's rebuttal to the defendant's closing argument. The defendant complains about the prosecutor's comment, "It's four men against two little boys." However, this comment is clearly a retaliation to the defendant's statement in closing argument:

"Is that necessary when we have a staff of thirty-five Assistant Prosecuting Attorneys and Dick Bell [the defense counsel] stands here by himself to resort to that? Is that necessary when they have a staff of fine investigators?"

That it is proper for a prosecutor to retaliate to an issue raised by a defendant's closing argument even if the prosecutor's comment would otherwise be improper is without question. *State v. Whiteaker*, 499 S.W.2d 412 (Mo.1973), *cert. denied*, 415 U.S. 949, 94 S.Ct. 1472, 39 L.Ed.2d 565 (1974); *State v. Johnson*, 485 S.W.2d 106 (Mo.1972); *State v. Granberry*, 484 S.W.2d 295 (Mo. banc 1972). It was proper for the prosecutor to retaliate to the defense counsel's argument that the prosecuting attorney had a staff of thirty-five lawyers and a staff of fine investigators while defense counsel handled the case alone by pointing out that in the case being tried the crime was committed by four men against two small boys.

■ The comments by the prosecutor indicating that the jury should impose a heavy sentence on the defendant should be considered in context. The prosecutor followed up these statements immediately with the comment:

"I don't want to see this crime happen again. I want the word to go out through this jury, and you'll never have a better opportunity to speak out on this matter, that if anybody ever does this in this community they can know what to expect, and certainly when you take everything into consideration, a sentence of three hundred years for those two crimes against those two little boys is a spit in the bucket."

Because the thrust in this point of the State's rebuttal in which these alleged prejudicial comments occurred was that a stiff sentence would deter the defendant as well as others from committing a similar crime, the comments were proper. *State v. Pruitt, supra*; *State v. Jackson, supra*. No passion or prejudice was engendered in the jury by reminding them to consider the justice and pity the men showed the boys after the defendant in closing argument had asked the jury for justice and pity for himself. There is no error in the State's argument in the context of this case.

The defendant's second point concerns the use of an artificial penis marked as an exhibit. The thrust of the defendant's point is that the court should not have allowed the prosecutor to mention the exhibit in his opening argument nor display it to the jury because the prosecutor never introduced it into evidence and the exhibit was not properly admissible. However, the exhibit was in evidence just as if it had been formally introduced despite the lack of introduction by the prosecution because the exhibit was marked and used by both the prosecution and the defense before the jury during the course of the trial. *State v. Taylor*, 433 S.W.2d 273 (Mo.1968); *State v. Wilson*, 248 S.W.2d 857 (Mo.1952).

Further, demonstrative evidence which tends to establish any fact in issue or throw light on the controversy and aid the jury in any way in arriving at a correct verdict is admissible. If demonstrative evidence is admissible within this rule, then it should not be rejected because it tends to arouse the prejudice of the jury. The only discretion a trial court has to deny admission of demonstrative evidence is if it is both irrelevant to a material issue and also inflammatory or prejudicial. *State v. Moore*, 303 S.W.2d 60 (Mo. banc 1957); *State v. Edwards*, 435 S.W.2d 1, 7 (Mo. 1968); *State v. Shawley*, 334 Mo. 352, 67 S.W.2d 74, 83 (1933); *State v. Mucie*, 448 S.W.2d 879 (Mo.1970), *cert. denied*, 398 U.S. 938, 90 S.Ct. 1842, 26 L.Ed.2d 271 (1970).

The exhibit is admissible even though the defendant was not charged with the crime which was perpetrated by the use of the exhibit against D— E— because the defendant was present while that crime occurred and because the use of the exhibit against D— E— was part "of a continuous occurrence intimately connected with the crime for which the defendant is being tried." *State v. Griffin*, 497 S.W.2d 133 (Mo.1973); *State v. Torrence*, 519 S.W.2d 360 (Mo.App.1975); *State v. Garner*, 530 S.W.2d 420 (Mo.App.1975). In *Kansas City v. LaRose*, 524 S.W.2d 112 (Mo. banc 1975), two knives wielded by persons present at the scene of the crime but not by defendant were held admissible exhibits because the conduct of those third parties wielding the knives was so closely connected with the crime for which the defendant was charged that that conduct constituted part of the res gestae. *State v. Cruts*, 288 Mo. 107, 231 S.W. 602 (1921). In the instant case, the actual sodomy by the defendant occurred immediately prior to the assault with the exhibit, which assault the men even discussed among themselves before it occurred.

The defendant intimates in his brief that the exhibit was not admissible because the defendant did not establish the chain of control or custody by the State. However, when the victim of a crime identifies an exhibit as having been used in the perpetration of that crime, it is not necessary for the prosecution to establish a chain of control or possession. *State v. Granberry, supra*; *State v. Coleman*, 441 S.W.2d 46 (Mo.1969); *State v. Rodriguez*, 519 S.W.2d 565 (Mo.App.1975). The purpose of establishing a chain of control or possession is only to prevent tampering, alteration or substitution of an exhibit. *State v. Rose*, 428 S.W.2d 737 (Mo.1968); *State v. Lemon*, 504 S.W.2d 676, 684 (Mo.App.1973); *State v. Rogers*, 523 S.W.2d 344, 348 (Mo.App.1975).

*State v. Hicks*, 535 S.W.2d 308 (Mo.App. 1976); *State v. Stillman*, 310 S.W.2d 886 (Mo.1958), and *State v. Fenton*, 499 S.W.2d 813, 815 (Mo.App.1973), cases cited by the defendant, hold that a prosecutor in opening argument should not mention evidence which is plainly inadmissible upon objection

or for which a witness is unavailable to testify. In those cases, either evidence mentioned by the prosecutor in opening argument was clearly inadmissible or a witness was not available during the trial to corroborate the prosecutor's statement in opening argument. In the instant case, the exhibit mentioned in the prosecutor's opening argument, was, as shown above, introduced into evidence and was also properly admissible based upon the positive identification by the victim of the exhibit as the instrument, and the victim's description of the use of that instrument against him in an assault so closely connected with the crime with which the defendant was charged.

*State v. Mayfield*, 506 S.W.2d 363 (Mo. 1974), *State v. Hicks, supra,* and *State v. Selle,* 367 S.W.2d 522 (Mo.1963), cited by defendant, are readily distinguishable on the facts since issues of proper foundation, not present here, controlled the rulings.

The judgment is affirmed.

All concur.