**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Leroy GANAWAY, Defendant-Appellant.**

**No. 37458.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 23, 1977.

James F. Malone, St. Louis, for defendant-appellant.

Walter Theiss, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., James F. Booth, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant was convicted by a jury of assault with intent to kill without malice and sentenced to five years imprisonment. He appeals.

■ No contention is made that the evidence was insufficient to support a conviction. Defendant shot Charles Hardin six times with a pistol. On the stand he admitted the shooting but testified it was done in self-defense. Defendant's first contention of error is in the failure of the trial court to grant a mistrial after the prosecutor had asked defendant to identify a picture mistakenly believed by the prosecutor to have been taken on the night of defendant's arrest by the police. In fact, the photograph had been taken two months before. Defendant responded that that was the picture taken at the time of his arrest. The Court denied defendant's motion for a mistrial but instructed the jury to disregard any reference to the photograph. Defendant also testified he had no previous trouble

with the police except traffic violations and at the close of the defendant's testimony the prosecutor stipulated that defendant had had no "other difficulty with the police at all than he has mentioned."

Defendant contends the erroneous identification of the photograph indicated to the jury that defendant had been involved in some other crime. First of all, we do not find that apparent simply from an identification of the photograph. Certainly there was no direct reference to any other crimes. The photograph, in and of itself, does not justify a conclusion that the jury would infer prior criminal activity. See *State v. Harris*, 534 S.W.2d 516 (Mo.App.1976). Secondly, the court's admonition to the jury, defendant's testimony, and the State's stipulation of the accuracy of that testimony removed any possible inference which the jury might have drawn from the testimony concerning the photograph. The mistake was inadvertent, the trial court and the prosecutor both acted to remove any potential prejudice to defendant. We find no prejudicial error in the court's action in refusing the motion for mistrial.

■ Defendant also contends that the trial court erred in making a protective order preventing defendant from commenting on the failure of the State to call one of the arresting policemen as a witness.

One of the arresting policemen, Thomas, testified that when defendant was arrested he denied having shot Hardin. Defendant testified he called the police to report the shooting and admitted the shooting. The police report was prepared by an Officer Eberle. That report was not introduced into evidence and is not before us. It apparently contains statements not totally compatible with either Thomas' or defendant's version. There is testimony that the statement reported by Thomas was made immediately after the arrest, and that Officer Eberle talked to defendant after Thomas had left. Eberle had left the police service prior to trial and would not cooperate in prosecution efforts to have him appear voluntarily.

■ When a jury is made aware of a witness who would appear from the facts and circumstances to be favorable to a party, and that witness does not testify, an adverse inference may be drawn against the party for whom the witness could be expected to testify. *State v. Barron*, 465 S.W.2d 523 (Mo.1971); *State v. Beasley*, 353 Mo. 392, 182 S.W.2d 541 (1944). The rule applies only if the testimony of the witness would be material and relevant to the issues, and not merely cumulative or inadmissible. *State v. Wallach*, 389 S.W.2d 7 (Mo. 1965); *State v. Davis*, 504 S.W.2d 221 (Mo. App.1973). Additionally, the witness must at the time of trial be more "available" to the party against whom the inference is to be drawn. *State v. Barron*, 465 S.W.2d 523 (Mo.1971); *State v. Collins*, 165 S.W.2d 647 (Mo.1944). The "availability" requirement is generally the area of greatest dispute. As stated in *State v. Collins*, 350 Mo. 291, 165 S.W.2d 647 (1942) the determination of availability is not whether the witness is "merely available or accessible for the service of a subpoena." (l.c. 648).

"To the contrary, the question of whether a witness is 'available' to one or the other of the contending parties depends upon such matters as [1] the one party's superior means of knowledge of the existence and identity of the witness, [2] the nature of the testimony that the witness would be expected to give in the light of his previous statements or declarations, if any, about the facts of the case, [3] and the relationship borne by the witness to a particular party as the same would reasonably be expected to affect his personal interest in the outcome of the litigation and make it natural that he would be expected to testify in favor of the one party and against the other." *State v. Collins, supra*, l.c. 649 (Bracketed numbers added).

The tests set forth in *Collins*, and carried forward largely without analysis in later cases, must be viewed in the present day context of modern discovery. See Rules 25.30 through 25.45. Such an approach to "availability" was utilized in the civil area shortly after adoption of civil discovery

rules. See *Belding v. St. Louis Public Service Co.*, 358 Mo. 491, 215 S.W.2d 506 (banc 1948) [18–20]; *Moore v. St. Louis Public Service Co.*, 251 S.W.2d 38 (Mo.1952) [4–6]. The first two tests set forth in *Collins* should rarely have application in view of the extensive discovery now available in criminal cases. The identity of witnesses, their prior declarations, and expected testimony are equally available to both parties. The third test is intended to avoid the trial difficulty of a party placing an adverse witness on the stand and thereby vouching for his credibility. But again, much of the need embodied in this test is obviated by the ability of the adverse party to determine before trial the testimony to be expected and to utilize variations therefrom as a basis for impeachment under a claim of surprise.

Discovery procedures have changed the concept of a lawsuit from a "sporting contest" to a "search for truth." An inference of unfavorability has a valid function only to the extent it constitutes a reasonable inference. If, in fact, it is known or is readily discoverable, that the testimony of the witness would be favorable to one side it does not serve justice to presume the contrary. There are circumstances where the inference is permissible, but the original reasons for the rule have been largely eliminated by the availability of discovery to both sides. The trial judge therefore must be given great discretion in determining whether the facts and the preparation efforts of the litigants warrant an invocation of the inference. The inference is not, after all, a substitute for trial preparation or the truth.

Applying these principles to the facts here we find no error. On the basis of the evidence before the jury the testimony of Eberle was merely cumulative of that of Thomas. It became conflicting only because of an unoffered police report available to the defendant. There is no indication that defendant sought the address of Eberle from the State or made any attempt to interview or depose the witness. Eberle was not an employee of the State when the case was tried and was not cooperative about testifying. Under the circumstances he was no more available to the State than to defendant and there is nothing in the record upon which to conclude his testimony would have been unfavorable to the State. We find no abuse of discretion by the trial court.

Judgment affirmed.

CLEMENS, P. J., and DOWD, J., concur.