**STATE of Missouri, Respondent,**

v.

**Robert E. BENSON, Appellant.**

No. 28989.

Missouri Court of Appeals,
Kansas City District.

Oct. 30, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 27, 1978.

Application to Transfer Denied
Jan. 8, 1979.

Lee M. Nation, Kevin R. Locke, Asst. Public Defenders, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Daniel F. Lyman, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Robert E. Benson was convicted of assault with intent to kill with malice (§ 559.180, RSMo 1969) and sentenced to life imprisonment by the jury. On this appeal Benson raises the following points: admission of evidence of a prior robbery; admission of a shotgun in evidence; the prosecutor's argument; and endorsement of a witness by the State four days prior to trial. Affirmed.

Roy Odom, owner of a barbecue restaurant, permitted a dice game to be conducted in the basement of his shop. A number of people were so engaged in the basement in April, 1975, when Felix Hardin and Robert Benson came to the game and shortly thereafter produced pistols, announced a holdup and took between $4,000 and $5,000 from the participants. After Hardin and Benson left, Odom told the victims he knew at least one of the robbers and rather than call the police, he would talk with the robber and attempt to have part of the money returned.

Odom let it be known he wanted to talk with Hardin and Benson. About three weeks after the robbery, as Odom and Grover Vaughn walked out the front door of the barbecue about 2:30 a. m., both men were felled by shotgun blasts which killed Vaughn and injured Odom. Shortly thereafter at the hospital, Odom identified Hardin and Benson as the assailants, stating he had seen both men and was able to identify them as the two who held up the dice game.

Benson does not challenge the sufficiency of the evidence, but rather asserts the commission of trial errors sufficient to

overturn his conviction. Benson first contends that admitting evidence of the dice game robbery violated the well established rule that evidence of separate and distinct crimes is not admissible. However, the rule Benson relies on has several exceptions, as set out in *State v. Kirksey*, 547 S.W.2d 149 (Mo.App.1977), in which the court noted one of the exceptions allows proof of other crimes to establish motive for the offense on trial. The court further noted that when the defendant denies guilt, ". . . the question of motive gains further importance because absence of motive then tends to sustain defendant's claim of innocence." This case fits the exception noted in *Kirksey*. Benson denied his guilt and therefore, proof of the dice game robbery was properly admitted. Odom let it be known he knew Hardin and Benson were the robbers, thus establishing motive for the assault on Odom.

■ Benson next contends the court erred in admitting a shotgun into evidence. It was shown the assault was committed with a shotgun, and there was evidence Hardin had obtained a shotgun together with number 6 shot to be used in it and this shotgun was in his possession the day before the assault. The gun introduced in evidence contained number 6 shotgun pellets and was recovered at the home of Hardin's common-law wife after the crime.

The gun was properly introduced in evidence under the rule quoted in *State v. Cuckovich*, 485 S.W.2d 16, 23[12] (Mo. banc 1972), in which the court, quoting from 22A C.J.S. *Criminal Law* § 712, stated that a weapon found in the possession of an accused, or of his criminal associates, even if not identified as the weapon actually used in the commission of the crime, is admissible if similar in form and character to the one used. Here the evidence showed the assault was committed with a shotgun which fired number 6 pellets. Moreover, Hardin was shown to have obtained such a gun the day before the crime and one was found with his common-law wife after the crime. *State v. McKinney*, 554 S.W.2d 488, 490[4–8] (Mo.App. 1977), states that the identification of a

weapon need not be wholly unqualified to make it admissible, but when admitted under the rule stated in *Cuckovich*, the weight to be given to such evidence is for the jury to determine.

■ Benson next contends a portion of the prosecutor's final argument was prejudicial. The prosecutor was countering an argument made by Benson's counsel to the effect that the State had not produced Sergeant Rice of the Kansas City Police Department as a witness although he was shown to have been present at the hospital, along with two other officers, when Odom identified his assailants as Hardin and Benson. Benson's counsel had argued further that Sergeant Rice was more available to the State than to the defense, and therefore, the jury could draw an unfavorable inference from his failure to testify.

In response, the prosecutor stated Sergeant Rice was available by subpoena to defense counsel, whereupon counsel objected, alleging the statement was designed to cast the burden of proof on Benson.

An excellent discussion of the current concepts regarding availability of a witness is contained in *State v. Ganaway*, 556 S.W.2d 67, 69–70[3] (Mo.App.1977). There the court explained that the original reason for the rule concerning availability of a witness has largely disappeared because discovery rules now. in effect enable defendants in criminal cases to obtain full information as to the identity, prior declarations, and expected testimony of witnesses. This court fully agrees with *Ganaway* that the availability doctrine has been all but eliminated. As noted in *Ganaway* at page 70: "The trial judge therefore must be given great discretion in determining whether the facts and the preparation efforts of the litigants warrant an invocation of the inference. The inference is not, after all, a substitute for trial preparation or the truth."

Here there was no justification for unfavorable inferences concerning the absence of Sergeant Rice's testimony since Benson's counsel could have determined Rice's knowledge and expected testimony through

discovery. Counsel did not contend the prosecutor failed to provide discovery of Rice's expected testimony. Short of a showing that counsel was refused such discovery, there was no occasion to invoke any doctrine of unavailability of Rice to the defendant. Hence, no inferences could arise that Rice was more available to the State and that the failure to call Rice indicated his testimony would thus be unfavorable to the State. A second, equally viable reason the availability doctrine is inapplicable is that Rice's testimony would at most have been cumulative, thus precluding invocation of the doctrine. *Ganaway* at page 69.

Benson next contends the prosecutor was erroneously allowed to argue the shotgun introduced in evidence was *the* weapon used in the assault. Benson alleges this as a misstatement of the evidence because the shotgun was not identified as the actual weapon used. It is beyond doubt the prosecutor can argue the evidence and any reasonable inferences to be drawn therefrom. *State v. Swenson*, 551 S.W.2d 917, 919[5] (Mo.App.1977). Furthermore, it must be shown the trial court abused its discretion by allowing improper argument. *Swenson* at 919[1]. Here the argument was based on the evidence and a reasonable inference which the prosecutor drew therefrom. No abuse of discretion is shown.

Benson finally contends the court erred in allowing the State to endorse the name of a crime laboratory witness four days before trial. Counsel concedes that several months prior to the date of endorsement he had been informed of the test the witness had performed and the results. Again, the court had broad discretion to allow the late endorsement of a witness; to predicate error on the exercise of this discretion, the defendant must show he was prejudiced thereby. *State v. Jordan*, 532 S.W.2d 776, 780[1] (Mo.App.1976). Here Benson shows no prejudice.

The judgment is affirmed.

All concur.