**STATE of Missouri, Respondent,**

v.

**Jack WATSON, Appellant.**

**No. 40297.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 25, 1979.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Jeffrey A. Cowin, Asst. Circuit Atty., St. Louis, for respondent.

Terry J. Flanagan, St. Louis, for appellant.

REINHARD, Presiding Judge.

Defendant appeals from his conviction by a jury of illegal possession of a Schedule III controlled substance. Under the Second Offender Act the court assessed his punishment at 4 years in the Missouri Department of Corrections.

On the evening of September 6, 1977, defendant entered Dottie's Tavern at 1951 Hebert Street. He engaged Francis Poulter, a patron of the tavern, in conversation and during the course of the discussion gave Poulter an orange pill. Poulter subsequently purchased two and one-half more of the pills for $3.00. He then notified the St. Louis Police Department of the events which had transpired at the establishment. Officers Booker and Wessel went to the scene to investigate the information.

Officer Wessel related the following sequence of events in his trial testimony. He stated that a short time after he arrived at the sight, he observed that Booker had the defendant in custody. He (Wessel) searched the defendant and discovered a plastic bag containing 40 orange tablets in his left front trouser pocket. Wessel then informed the defendant that he was under arrest for possession of a Schedule III controlled substance. He testified further that he gave the bag containing the pills to Booker who conveyed them to the Police Department and placed them in an evidence envelope.

State's witness Harold Messler, a criminalist, testified that his analysis of the tablets revealed them to be benzphetamine. The prosecution endorsed but did not call Officer Booker or Francis Poulter as witnesses. The State requested and was granted a protective order to prevent defendant's counsel from arguing the failure of the State to call these witnesses.

Defendant's first point on appeal is that the trial court erred in granting the protective order preventing defendant from commenting on the failure of the State to call Booker and Poulter. We do not agree.

The State is not required to call all witnesses known to it even though it may have endorsed the names of the persons in question as potential witnesses. *State v. McClain*, 531 S.W.2d 40, 45 (Mo. App.1975). However, courts have permitted a party to argue the adverse inference when the opposing party omits to call a witness who might reasonably be anticipated to give testimony in his favor. *State v. Barron*, 465 S.W.2d 523, 529 (Mo.1971). Yet, this rule does not apply unless 1) the testimony of the witness would be material and relevant to the issues and not merely cumulative or inadmissible, *State v. Wallach*, 389 S.W.2d 7, 13 (Mo.1965); *State v. Davis*, 504 S.W.2d 221, 225 (Mo.App.1973), and 2) the witness must at the time of trial

be more available to the party against whom the inference is to be drawn, *State v. Barron*, 465 S.W.2d at 13; *State v. Collins*, 350 Mo. 291, 165 S.W.2d 647, 648 (Mo.1942); *State v. Ganaway*, 556 S.W.2d 67, 68 (Mo. App.1977).

█ In the instant case, we find that Officer Booker's testimony would have been cumulative to that of Officer Wessel's. Booker could only have reiterated the same facts reported by Wessel, i. e., the search, discovery of the drugs, the arrest for possession, receiving the pills from Wessel and later packaging them at the police station. For a similar instance wherein a police officer was held to be equally available to both parties see *State v. Benson*, 574 S.W.2d 440, 443 (Mo.App.1978). The trial court has broad discretion in controlling the argument of counsel, *State v. Williams*, 546 S.W.2d 54, 55 (Mo.App.1976), and in determining whether the facts and preparation efforts of the litigants warrant an invocation of the inference that the witness not called would have testified unfavorably to the State, *State v. Benson*, 574 S.W.2d at 442; *State v. Ganaway*, 556 S.W.2d at 70. We find no abuse of discretion here. Neither do we find an abuse of discretion in the trial court's decision to prohibit any comment on the State's failure to summon Poulter as a witness. While he was present when the defendant was searched and arrested, his testimony about these events would have been cumulative to Wessel's. Moreover we conclude, as did the trial court, that Poulter was equally available to the defendant as he was to the state. We rule this point against defendant.

Defendant's final point alleges that the court erred by not suppressing the pills as the fruits of an unlawful arrest. Initially, we observe that defendant did not comply with the well-settled rule that he file a motion to suppress the controverted evidence, object to the introduction of the evidence at trial and raise the issue in his motion for new trial before raising it here on appeal. *State v. Yowell*, 513 S.W.2d 397, 402 (Mo. banc 1974). Thus, this issue was not preserved for review. Defendant requests, however, that we consider the question under the plain error rule.

In *State v. Meiers*, 412 S.W.2d 478, 480–81 (Mo.1967) our Supreme Court defined the general scope of plain error.

> [T]here must be a sound, substantial manifestation . . ., a strong, clear showing, that injustice or miscarriage of justice will result if the rule is not invoked. We shall not invoke the rule in every case where it is claimed for the first time on appeal that this or similar state or federal constitutional rights have been violated, or for that matter, in every case where it may appear for the first time on appeal that such rights in fact have been violated.

We review the facts and circumstances of each case on an individual basis to determine "plain error". *State v. Sanders*, 541 S.W.2d 530, 533 (Mo. banc 1976).

█ Here, the officers participating in the defendant's arrest acted on information supplied by a citizen informant. Such a person may reasonably be presumed by an arresting officer to be reliable. *State v. Perry*, 499 S.W.2d 473, 475 (Mo.1973). Furthermore, nothing in the record indicates improper conduct on the part of the officers, or any failure by them to observe constitutional standards. We determine then, that neither a sound substantial manifestation of error nor a strong clear showing that injustice or miscarriage of justice will result if the plain error rule is not invoked.

Judgment affirmed.

GUNN and CRIST, JJ., concur.