STATE of Missouri, Respondent,

v.

Eugene MINOR, Appellant.

No. 61663.

Supreme Court of Missouri,
En Banc.

March 9, 1981.

Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

Steven Garrett, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

This appeal was heard in Division One of this Court where an opinion was prepared by Welborn, C., however, the cause was transferred to the Court En Banc prior to the adoption of the opinion. The appeal has now been heard by the Court En Banc and the opinion by Welborn, C., in Division One is adopted by the Court En Banc and is set forth below without the use of quotations.

Appeal from judgment of conviction on jury verdict finding Eugene Minor guilty of robbery in the first degree, § 560.120, RSMo 1969, and of felony murder first degree, § 559.010, RSMo 1969. Sentence, under second offender act, was to 50 years' imprisonment for robbery and life imprisonment for murder, sentences to be served consecutively.

The basic facts of this case may be found in a prior appeal, *State v. Minor*, 556 S.W.2d 35 (Mo. banc 1977). Reversed *Minor v. Missouri*, 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979).

On this appeal, appellant's first contention is that the conviction for robbery which was the underlying felony for purpose of the felony murder conviction cannot stand. *State v. Olds*, 603 S.W.2d 501, 509–510[12] (Mo. banc 1980), is decisive of appellant's contention and requires that the robbery conviction be reversed.

Appellant's second complaint is based upon the trial court's failure to submit his proffered withdrawal instruction. A similar contention was made on the prior appeal and found without merit. On this appeal, appellant, who did not testify at the trial, relies upon the state's evidence that appellant told a prosecutor and two detectives that he and two others committed the robbery of the Traxler Pharmacy, that when police arrived, he and another robber crawled around the side of the pharmacy, heard noises like a scuffle in the back of the pharmacy where the third robber and the police officer who was the murder victim went, and the appellant and his companion ran outside where they were met by a second police officer.

Obviously, these facts when viewed in the light most favorable to appellant, show no more than an attempt to escape when the police arrived before completion of the robbery. Such evidence provides no basis for a withdrawal instruction. *State v. Baker*, 607 S.W.2d 153 (Mo. banc 1980); *State v. Benson*, 574 S.W.2d 440 (Mo.App.1978).

Judgment reversed as to Count I (robbery); affirmed as to Count II (murder).

BARDGETT, C. J., and DONNELLY, SEILER, WELLIVER, MORGAN and HIGGINS, JJ., concur.

RENDLEN, J., concurs in result.