**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James Alvin DAVIS,
Defendant-Appellant.**

**No. 11978.**

Missouri Court of Appeals,
Southern District,
Division Three.

April 16, 1981.

James B. Crenshaw, Centerville, for defendant-appellant.

Randall L. Head, Prosecuting Atty., Ironton, for plaintiff-respondent.

MAUS, Chief Judge.

The defendant was charged with third degree assault in that he "attempted to cause" physical injury to Kevin Johnson and Mike Davis by striking them in the head and groin with his fists. At the close of the state's case the information was amended to allege he "recklessly caused" such physical injury. He was found guilty by a jury and sentenced to six months in jail in accordance with the verdict. The defendant does not question the sufficiency of the evidence. A brief statement of the facts will suffice as the background for consideration of the defendant's single point on appeal. In view of the verdict the facts will be recast considering favorably to the state the evidence and all reasonable inferences to be drawn therefrom. *State v. Morgan*, 592 S.W.2d 796 (Mo. banc 1980).

On the evening of June 3, 1980, Kevin Johnson and Mike Davis, each 15 years of age, were lounging about on Main Street in Ironton. The defendant and Mike Davis are not related. Over the defendant's ob-

jection the state was permitted to show: the defendant asked the boys if they wanted to make $1,500; he inquired concerning the contents of a nearby sporting goods store; and asked if the boys had belts. At this point the defendant removed his belt and wrapped it around his hand and advanced toward the store which had a glass door. The boys left and entered a fast-food restaurant and went into the restrooms. They were followed by the defendant who "called us punks and said we were going to tell on him". In spite of their denials, the defendant, 21 years of age and described as "pretty good sized", then assaulted them as alleged in the information.

The defendant's sole point on appeal is that the testimony referred to raised the inference he sought to enlist the aid of the victims in the burglary of the sporting goods store. Therefore, he asserts this evidence impermissibly imputed to the defendant a crime other than that for which he was being tried. He cites *State v. Reese*, 274 S.W.2d 304 (Mo. banc 1954) and subsequent cases for that general proposition. However, he recognizes there are exceptions to that general proposition, including the admissibility of such evidence to establish a motive. See *State v. Benson*, 574 S.W.2d 440 (Mo.App.1978). That was the theory upon which the state offered and the court admitted the evidence in question.

The defendant argues that he was charged with having "recklessly caused" physical injury and since, as he states in his brief, there was sufficient evidence to establish that he acted "knowingly, purposely, or at a minimum, recklessly", motive was not an issue and the evidence was inadmissible. The precise thrust of this argument is far from clear. Apparently, the defendant contends that since the state was not required to show the defendant acted with knowledge or purpose, the state had no reason to show a motive for the defendant acting recklessly. Passing over several other doubts concerning the validity of this point, somewhat ingenuously created in circumstances of necessity, it must be denied for two obvious reasons.

First, the defendant's argument misconstrues the implication of the terminology "recklessly caused". Had the defendant conceded he intentionally struck the victims in the face with his fist, it is questionable if the state had a reason to prove a motive to show the defendant consciously disregarded a substantial and unjustifiable risk that his fist would strike their face. However, the required mental state attaches to each element of the offense. "Except as provided in Section 562.026, a person is not guilty ... unless he acts ... recklessly ... with respect to the conduct, the result thereof or the attendant circumstances which constitute the material elements of the crime." § 562.016.1 RSMo 1978. Even with such a concession, the state was entitled to show a motive why the defendant would consciously disregard a substantial and unjustifiable risk that such actions would cause physical injury. Further, the allegation "recklessly caused" is also "established if a person acts purposely or knowingly". § 562.021.3 RSMo 1978. The state was entitled to show a motive to establish the defendant did act knowingly or purposely in so assaulting the victims.

Second, the defendant did not concede he initiated an assault upon the victims, but raised the defense of self-defense. The state was entitled to show a motive why he did in fact initiate an attack. Nor was the state, as suggested by the defendant, foreclosed from showing this motive because other evidence suggested a motive of revenge because the victims had called the defendant's little brother names. The defendant's point is denied and the judgment is affirmed.

BILLINGS, P. J., and HOGAN and PREWITT, JJ., concur.