STATE of Missouri,
Plaintiff-Respondent,

v.

David Ray MARTIN,
Defendant-Appellant.

No. 50599.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 8, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Deborah Lambdin Stockhausen, St. Louis, for defendant-appellant.

John Munson Morris, Lee Allison Bonine, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, David Ray Martin, appeals convictions by jury and sentences on one count of second degree burglary, § 569.170 RSMo 1978 and one count of stealing without consent, § 570.030 RSMo 1978. The jury found defendant not guilty of other charges of rape, sodomy, and first degree burglary. Defendant received two consecutive four-year sentences on the above convictions.

Defendant's sole claim on appeal is that the trial court erred in admitting items found on his person when he was searched. He contends that the items were discovered through an illegal search because he was unreasonably seized without probable cause for crimes committed on August 2, 1984 prior to identification and subsequent arrest for other crimes committed on July 22, 1984. The search followed and was incident to this arrest. Defendant was charged, tried and found not guilty for the offenses on the earlier date and jointly tried and found guilty for two offenses which occurred on the later date. We affirm.

In August, 1984, Gary Adams owned a four-family unit located at 1035–1037 Geyer. He occupied a unit on the first floor and leased a second floor unit to Kathleen Wentzel. On August 1, 1984, Adams left his home at approximately 10:30 p.m. On August 2, 1984 about 2:30 a.m., an alert police officer noticed that an alley window on the first floor of Adams' building was open. The officer and his partner conducted a thorough search that revealed Adams' apartment had been ransacked. After the officers woke Ms. Wentzel, she telephoned Adams and advised him to return home. Adams inspected his apartment and discovered a backpack, a camera, a Toshiba Walkman Radio, and $305.00 in cash were missing.

Other officers arrived at the scene to aid the investigation. While the investigation continued, two officers left the scene in a car to search for possible suspects. Several blocks away, the officers observed a young, white male leaving an alley. The youth looked in the officers' direction, then began walking in the opposite direction. The officers stopped defendant because he appeared to be avoiding them and because the alley he exited was directly in line from the burglary. After questioning defendant for several minutes, the officers placed him in the police car and transported him back to the scene of the burglary as a possible suspect. Defendant was not searched at this time.

As defendant stood outside 1035–1037 Geyer with several officers, Ms. Wentzel remarked that she believed him to be the man who raped her eleven days earlier. On the basis of this claim, officers conducted a voice identification procedure. Following the procedure, Ms. Wentzel positively identified defendant as her assailant. At this point, the police formally arrested defendant, charging him with first degree burglary, rape, and sodomy. The police transported defendant to the Third District Police Station where he was advised of his *Miranda* rights and searched. The police found a Toshiba Walkman Radio and $305.00 in cash on defendant's person. The police then charged defendant with second degree burglary and stealing without consent.

At trial the jury acquitted defendant of charges of rape, sodomy, and burglary in the first degree. Defendant was convicted

of burglary in the second degree and stealing without consent.

Defendant claims that his arrest was without probable cause and its illegality tainted the evidence seized. To preserve such a contention for review a defendant must file a pre-trial motion to suppress and object on this ground at trial. *State v. Watson*, 588 S.W.2d 178, 180 (Mo.App.1979). Although a pre-trial motion was filed, defendant failed to object to the introduction of the seized evidence at trial. A person may waive fundamental constitutional rights. *U.S. v. Oliver*, 525 F.2d 731, 734 (1975), *cert. denied*, 424 U.S. 973, 96 S.Ct. 1477, 47 L.Ed.2d 743 (1976). A constitutional question must be raised at the earliest possible moment, otherwise it is waived. *State v. Thompson*, 627 S.W.2d 298, 303 (Mo. banc 1982). Defendant now brings an appeal alleging plain error.

To be entitled to review under the plain error standard, defendant must make a strong showing that the alleged error affected substantial trial rights and amounted to manifest injustice. *State v. Arnold*, 676 S.W.2d 61, 63 (Mo.App.1984); Rule 30.20. There is a difference between error which is plain in the sense of easily recognized and plain error that may justify or require remand. The former must be timely asserted and preserved. The latter is judicially recognized as error that relates to a breakdown in the legal process if it is directly prejudicial to the litigant. Plain error is indirectly prejudicial to the rights of all because everyone benefits from a properly functioning legal system and suffers from its breakdown. Everyone suffers from the denial of substantial rights which amounts to manifest injustice. It is upon the litigant who claims denial to prove the doctrine of plain error is applicable and to justify its recognition.

In the case before us, defendant does not meet the prescribed burden. Police may stop a person to investigate possible criminal behavior even though there is no probable cause to make an arrest. *State v. Ferguson*, 678 S.W.2d 873, 876 (Mo.App.1984). Reasonable suspicion that entitles an officer to make an investigatory stop exists when the officer is able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant an intrusion. *State v. Purnell*, 621 S.W.2d 277, 284 (Mo.1981).

The police stopped defendant for questioning as he exited an alley a few blocks from the burglary scene. One officer testified that he wanted to know why a teenager was out alone at 3:00 a.m. Defendant made conflicting statements, so the officers transported him back to the crime scene. Although defendant was not formally arrested prior to the voice identification, the officers had probable cause to arrest him at the time they placed defendant in their car. Probable cause to arrest simply means a knowledge of facts and circumstances sufficient for a prudent person to believe a suspect has committed an offense. *State v. Fain*, 679 S.W.2d 419, 423 (Mo.App.1984). The existence of probable cause is a pragmatic question to be determined on the facts of each case. *State v. Cole*, 662 S.W.2d 297, 302 (Mo.App.1983). In this case, the police officers had probable cause to arrest defendant who had been properly stopped for investigative purposes when defendant's statements and actions were unsatisfactory and suspicious.

Upon his arrival at the burglary scene, Ms. Wentzel identified defendant as the burglar who raped and sodomized her eleven days earlier. At this time, the police had probable cause to arrest defendant for rape, sodomy, and burglary of Ms. Wentzel. The items discovered on defendant after this arrest were admissible. A search pursuant to a lawful arrest does not violate the Fourth Amendment. *State v. Mills*, 671 S.W.2d 437, 440 (Mo.App.1984). The lawfully seized items formed part of the basis of the present burglary and stealing charges filed against defendant. There was no constitutional violation in obtaining this evidence and no trial court error, plain or otherwise, in admitting same.

Judgment affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.