**STATE of Missouri, Respondent,**

v.

**Michael WATLEY, Appellant.**

**No. 42986.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 15, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1981.

Robert C. Babione, Public Defender, Kevin C. Curran, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

The defendant appeals from the judgment entered on a jury verdict convicting him of kidnapping and rape, §§ 565.110 and 566.030, RSMo. 1978, respectively, on which he was sentenced to consecutive terms of ten and twelve years' imprisonment. Defendant's points on appeal pertain to the rape conviction. We affirm.

Our disposition of defendant's assignments of error requires no lengthy iteration of the evidence. The prosecutrix, a thirty-two year old married woman, was taken by defendant at gun point while parking her automobile near her place of employment. Defendant was a total stranger to her, and told her that if she "cooperated" she would not be harmed. She was held at gun point in her automobile while she was driven by defendant to his apartment building. Still armed, defendant took the victim to his apartment where she was kept for several hours and raped three times. The record shows she remained compliant throughout, so that (as she testified) "... I could take his mind off of harming me." Upon being released late that afternoon, and after a brief stop en route at her sister's home, the prosecutrix drove home to her husband and together they reported the incident to the police.

The first point raised by defendant is directed at the prosecutrix's testimony that nineteen years earlier she was raped and otherwise brutalized by a different attacker. Defendant contends the testimony was inadmissible as irrelevant and served only to prejudice him. But we think it was relevant to establish the absence of consent and forcible compulsion. The test for relevancy is whether the testimony tends to prove or disprove a fact in issue. *State v. Stamps*, 569 S.W.2d 762, 766 (Mo.App.1978). The absence of consent and the use of forcible compulsion are such facts, as they are elements of the offense with which defendant was charged under § 566.030 1., RSMo. 1978:

A person commits the crime of rape if: (1) He has sexual intercourse with another person to whom he is not married, without that person's consent by the use of forcible compulsion; ....

Evidence of the prior rape and mistreatment makes it more probable that defendant's conduct instilled in his victim a reasonable fear of harm, and further tended to establish her compliant behavior as a product of that fear. That the testimony may have been somewhat prejudicial to defendant did not render it inadmissible. *State v. McKinney*, 554 S.W.2d 488, 491 (Mo.App. 1977). The testimony did not unduly prejudice defendant, and its admission was not error.

The remaining assignment of error is the trial court's refusal of the following non-MAI cautionary instruction requested by defendant:

The Court instructs the jury that if you find that [victim's name] made no outcry at the time the offense is alleged to have been committed, and did not, as soon as an opportunity afforded, complain of the offense to others, but concealed it for any length of time thereafter, then the jury should consider such circumstances in connection with all the other evidence in determining the guilt or innocence of the defendant.

The refusal of a non-MAI cautionary instruction is discretionary with the trial court. *State v. Ghan*, 558 S.W.2d 304, 309 (Mo.App.1977).

Additionally, defendant's proposed cautionary instruction does not correctly state the law. The model for the instruction is in *State v. Taylor*, 320 Mo. 417, 8 S.W.2d 29, 35 (1928).

We find no prejudicial error and therefore the judgment is affirmed.

REINHARD and SNYDER, JJ., concur.