Michael WATLEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 47349.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 31, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 18, 1984.

Thea A. Sherry, Clayton, for appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Movant Michael Watley appeals the order of the trial court which overruled movant's second pro se Motion to Vacate filed pursuant to Rule 27.26. We affirm.

Movant was convicted of kidnapping and rape. His conviction was affirmed on appeal. *See* 624 S.W.2d 104 (Mo.App.1981). Movant's first pro se Motion to Vacate was filed on May 12, 1982. Movant requested counsel to represent him on the motion. The trial court appointed the Office of the Special Assistant Public Defender to be movant's counsel. The court-appointed counsel chose not to amend the pro se motion. The record indicates that the decision not to amend movant's first Rule 27.26 motion was made following a conference between the movant and his court-appointed counsel. On December 20, 1982, the trial court filed a scholarly memorandum which thoroughly addressed all the points raised in the motion. The motion was overruled without an evidentiary hearing. No appeal was taken from that order.

On February 23, 1983, movant filed a second pro se Motion to Vacate pursuant to Rule 27.26. The second motion alleged seven points, one of which was already addressed by the trial court's memorandum which overruled movant's first motion. Again, movant requested a court-appointed attorney. On March 9, 1983, the court appointed a private attorney to represent movant. The record indicates that the trial court allowed additional time, to May 16, 1983, within which to file an amended motion. Movant's attorney did not amend the second pro se motion. On May 18, 1983, the court filed its second well-researched memorandum which delineated specific findings of fact and conclusions of law. The second motion was also overruled without an evidentiary hearing. Movant appeals this order.

One point is raised on appeal. Movant contends that his attorney was not given sufficient time to amend movant's pro se motion. As such, movant argues that he was prejudiced.

We have already noted that movant's attorney had approximately seventy days to amend movant's pro se motion. The attorney was appointed on March 9, 1983. The trial court filed its order on May 18, 1983. The seventy days includes an extension granted by the trial court. There is nothing in the record that indicates movant's attorney sought additional time to amend the pro se motion. Rule 27.26(h) provides, in part, the following: "Counsel shall be given a reasonable time to confer with the prisoner and to amend the motions filed hereunder if desired." Since no additional time was sought, we find movant's attorney had reasonable time to amend movant's pro se motion.

Furthermore, Rule 27.26(d) prohibits movant from raising new issues in a second Rule 27.26 motion that could have been raised in a first motion. Movant provided no legally viable excuse to alleviate his failure to raise all the points in the first motion. *See Blaine v. State*, 603 S.W.2d 109, 111 (Mo.App.1980).

Judgment affirmed.

REINHARD, C.J., and CRIST, J., concur.