Michael **WATLEY**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 52361.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 2, 1987.

Application to Transfer Denied
Oct. 13, 1987.

David Hemingway, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

On a single claim of error movant appeals denial of Rule 27.26 post-conviction relief from sentences on charges of kidnapping and rape. The motion was denied without an evidentiary hearing. We affirm.

Movant's direct appeal was affirmed by this court. *State v. Watley*, 624 S.W.2d 104 (Mo.App.1981). We there found no reversible error on two points: admission of testimony by the prosecuting witness of a prior rape; and, refusal of a cautionary instruction. Movant's first pro se motion was not amended by appointed counsel. Relief was denied. That decision was not appealed. *See, Watley v. State*, 677 S.W.2d 357, 357 (Mo.App.1984). A second motion was denied and we affirmed. *Watley v. State*, 677 S.W.2d 357 (Mo.App.1984). We there decided a single point on appeal—that appointed motion counsel had sufficient time to consider and file an amended motion as required by Rule 27.26(h). We also noted no allegation stating a reason to permit a second Rule 27.26 motion.

Movant now claims error by the motion court because the denial of relief without a hearing of movant's third Rule 27.26 motion excuses movant's counsel for the prior motions from a Rule 27.26(h) mandate to amend pro se motions to cure defects in such motions. Movant asserts prior judgments were based on or decided against movant because of inadequacy of the pro se motions. He also argues the record does not establish: (1) that his first motion counsel informed movant that ineffective assistance of counsel should be asserted in a 27.26 motion; (2) that second motion counsel gave advice about amending the second pro se motion; or, (3) that movant ever opposed an amendment. Movant concludes the net result is a denial of constitutional rights.

For the following reasons we affirm. First, the first motion was denied on the merits by the trial court and no appeal was filed from that judgment. The first motion court "thoroughly addressed all the points raised in the motion." *Watley v. State*, 677 S.W.2d at 357.

Second, Rule 27.26 relief is available only for review of certain defects which led to the original sentencing. Rule 27.26; *Brauch v. State*, 653 S.W.2d 380, 381 (Mo. banc 1983). The rule is not intended to review prior post-conviction proceedings. *Id.* at 381. The present appeal implicates only effectiveness of counsel in prior 27.26 proceedings. Movant relies on *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978). *Fields* is distinguishable on a crucial ground. In *Fields*, the allegation was ineffective assistance of trial counsel, not prior motion counsel. Review in the present case is governed by the decision in *Brauch v. State*, which fully supports the judgment of the motion court.

In summary, the judgment of the motion court is supported by the judgment in movant's original 27.26 proceeding and by the limited scope of a Rule 27.26 for review of trial proceedings not prior motion proceedings. In addition, the allegations in the present motion of ineffective assistance of prior motion counsel are not joined with factual allegations of ineffective assistance of trial counsel as a basis of demonstrating a matter recognizable under the Rule and a claim of prejudice.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.